**PINE TRAIL SHORES OWNERS' ASSOCIATION, INC.,**
**Appellant,**

v.

**George AIKEN, et al., Appellees.**

**No. 12–03–00098–CV.**

Court of Appeals of Texas, Tyler.

Feb. 10, 2005.

Sean P. Healy, Tyler, for appellant.

John F. Berry, Pye, Dobbs & Berry, P.C., Paula H. Powell, Smith County Criminal Dist. Atty., Tyler, for appellees.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Pine Trail Shores Owners' Association (the "Association") appeals from a take-nothing judgment following a bench trial in its suit on sworn account to collect assessments against forty-six lot owners in the Pine Trail Shores Subdivision (the "Subdivision"). In six issues, the Association contends the trial court erred in failing to enter judgment in its favor. We affirm.

### PROCEDURAL AND FACTUAL BACKGROUND

In 1971 and 1972, Eastern Resorts Property, Inc. established the Subdivision and divided it into four sections. It filed restrictions in the Deed Records of Smith County, Texas, which included a provision establishing assessments for lot owners. An owner of one lot was assessed $1.50 per month. Owners of multiple lots were assessed $1.00 per month per lot, but no owner of multiple lots was to be assessed more than $4.00 per month. In 1994, Eastern Resorts assigned its rights in these restrictions to the Association.

In May 2001, the Association filed suit against 156 lot owners seeking to collect a total of $70,278.00 in assessments. Eventually, in October 2003, the Association went to trial against forty-six lot owners seeking a total of $25,564.40. After a bench trial, the trial court entered a take-

nothing judgment and entered the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. There has been no evidence provided by the Plaintiff as to the date and time that each Defendant's cause of action began and the assessment began to accrue.
2. The Plaintiff has failed to describe those Defendants who made application to the Association and were accepted into the membership and those Defendants who were denied membership or those that were expelled from the membership.
3. The original By–Laws of the Association have not been provided to the Court, thereby evidencing the authority of the Association, acting alone, to amend the By–Laws and the Subdivision Restrictions filed of record in Smith County, Texas.
4. The Subdivision Restrictions that are filed of record in the Deed Records of Smith County, Texas state that an assessment is made of $1.50 per month per lot, the owner of which owns only one lot, and $1.00 per month per lot in respect to lots of which 2 or more are owned by the same person, but not to exceed $4.00 per month as to total of all lots owned by one owner.
5. No amendments to the Subdivision Restrictions or special assessments have been shown to the Court to be filed of record in the Deed Records in Smith County, Texas.

### CONCLUSIONS OF LAW

1. Plaintiff's account of the Defendant's assessments is not just and true and does not specify whether it is an assessment made under the original Subdivision Restrictions filed of record or an assessment made later under amended By–Laws or special assessments made by the Board of Directors.
2. Assessments shall not accrue on all the lots in the Pine Trail Shore's [sic] Subdivision and some Defendants' lots may have not been assessed under the Subdivision Restrictions.
3. The Plaintiff has failed to prove that the proper procedure was followed in amending the original By–Laws and the Subdivision Restrictions filed of record in Smith County.
4. The right to assessment on the lots in the Pine Trail Shore's [sic] Subdivision are not to exceed $4.00 per month as to the total of all lots owned by one owner in the Subdivision.
5. These amendments and special assessments do not constitute proper notice to the Defendants as covenants running with the land.

The Association timely filed this appeal.

### STANDARD OF REVIEW

██ Findings of fact in a bench trial have the same force and dignity as a jury verdict and are reviewable for legal and factual sufficiency of the evidence by the same standards as applied in reviewing a jury's findings. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex.1991). In reviewing legal sufficiency, we consider only the evidence and inferences supporting the finding. *Minnesota Mining & Mfg. Co. v. Nishika Ltd.,* 953 S.W.2d 733, 738 (Tex.1997). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996). More than a scintilla of evidence exists where the evidence support-

ing the finding, as a whole, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997). When considering a factual sufficiency challenge, courts of appeals must consider and weigh all of the evidence, not just that evidence which supports the verdict. *Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 407 (Tex.1998). We can set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex.1996).

The standard of review for conclusions of law is whether they are correct. *Dickerson v. DeBarbieris,* 964 S.W.2d 680, 683 (Tex.App.-Houston [14th Dist.] 1998, no pet.). We will uphold conclusions of law on appeal if the judgment can be sustained on any legal theory the evidence supports. *Material Partnerships, Inc. v. Ventura,* 102 S.W.3d 252, 257 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). Thus, incorrect conclusions of law do not require reversal if the controlling findings of fact support the judgment under a correct legal theory. *Id.*

### ACTION ON SWORN ACCOUNT

In its first issue, the Association contends that the trial court erred by failing to render judgment on its suit on sworn account. Specifically, the Association asserts that none of the defendants filed an answer that was sufficient to deny the validity of the account. Therefore, it concludes, it was entitled to judgment against each of the forty-six lot owners.

The lot owners cited by publication were represented by an attorney ad litem. The Association argues that the answer filed by the attorney ad litem, although verified, was insufficient because it did not include a challenge to any specific item of the accounts. Instead, the answer contained only a general allegation that the Association's pleadings did not state a time period in which a systematic record had been kept for each of the lot owners and a date on which each lot owner's account would have been due and payable. The other lot owners, who appeared pro se, filed only unverified general denials.

A suit on sworn account is based on Rule 185 of the Texas Rules of Civil Procedure. Rule 185 is a rule of procedure and not a rule of substantive law. *Northwest Park Homeowners v. Brundrett,* 970 S.W.2d 700, 702 (Tex.App.-Amarillo 1998, pet. denied). Therefore, a suit on sworn account cannot be the basis of any cause of action. *Id.* Rule 185 simply provides a procedure for the presentation of specific substantive claims enumerated in the rule. *Id.* For Rule 185 to be applicable, the claim must be for a liquidated money amount. *See* TEX.R. CIV. P. 185.

To establish sufficient evidence to support a prima facie case in a suit on sworn account, the plaintiff must strictly follow the provisions outlined in the Texas Rules of Civil Procedure. *Andrews v. E. Tex. Med. Ctr.-Athens,* 885 S.W.2d 264, 267 (Tex.App.-Tyler 1994, no writ). A claim is liquidated (under Rule 185) if the amount of damages can be accurately calculated by the trial court from the factual allegations, as opposed to the conclusory allegations, in the plaintiff's petition and the instrument in writing evidencing the account. *Mantis v. Resz,* 5 S.W.3d 388, 392 (Tex.App.-Fort Worth 1999, pet. denied).

Here, the Association's petition included a chart listing the total amount of unpaid assessments that it alleged were due from each of the defendants. However, the petition did not include an explanation of how the assessments were calculat-

ed. For example, it did not state the beginning date for the calculation of each assessment. Further, it did not identify any assessments that were based on partial months of ownership. The Association merely alleged that a specific record of paid and unpaid assessments had been kept and that the amounts in the chart reflected the amounts owed by each of the defendants based upon the number of lots owned and payments missed. These allegations are conclusory. Therefore, the Association's pleadings did not establish that it had a liquidated claim against the lot owners because the trial court could not accurately calculate, from the factual allegations in the petition, the damages against each of the 156 lot owners in the suit on sworn account. Accordingly, we hold that the Association's cause of action against the lot owners did not constitute a claim for a liquidated amount and was therefore not a suit on sworn account as a matter of law.

■ When a plaintiff's suit on sworn account is not based on a liquidated amount, the pleadings are neutralized and the plaintiff must prove his case at common law. See *Jones v. Ben Maines Air Conditioning, Inc.*, 621 S.W.2d 437, 439 (Tex.Civ.App.-Texarkana 1981, no writ). If the cause of action is unliquidated or is not proved by an instrument in writing, the court shall hear evidence as to damages. See TEX.R. CIV. P. 243; *see also Mantis*, 5 S.W.3d at 392. The "shall hear evidence" requirement of Texas Rule of Civil Procedure 243 applies even in a default situation. See *Novosad v. Cunningham*, 38 S.W.3d 767, 773 (Tex.App.-Houston [14th Dist.] 2001, no pet.). Because the Association's suit on sworn account did not fulfill the requirements of Rule 185, the form of the lot owners' answers was inconsequential. The Association therefore had to prove its claims against the lot owners under Rule 243 by showing when the assessment began to accrue and for how long it accrued.

■ At trial, the Association called as a witness Joe Poitevent, the records custodian for the Association. Poitevent testified that all of the conclusory figures presented to the trial court in the chart placed in evidence were true and correct. However, he failed to explain how the assessments were calculated. As a result, no facts underlying the conclusory numbers were put in evidence. The Association therefore failed to meet its burden to establish the amount of the assessments due from each of the lot owners. The evidence in the record supports the trial court's finding of fact number one and conclusion of law number one. These support the court's take-nothing judgment. The Association's issue one is overruled.

### AUTHORITY OF ASSOCIATION

In its third issue, the Association contends that the trial court erred in concluding that it lacked authority to increase the assessments of the lot owners. In its second issue, it contends that the defendants failed to raise as an affirmative defense the Association's lack of authority to increase assessments. Because these two issues are intertwined, we will consider them together.

■ The Association stated that its authority for the assessments rested on the restrictions filed in 1971 and 1972 in the Smith County Land Records. However, Poitevent testified at trial that under new bylaws passed in 1987, the board of directors now had authority for raising assessments of lot owners in the Subdivision. Danny Hudson, a pro se defendant, objected to the introduction of these bylaws into evidence on the basis that the Association had no authority to pass the amended bylaws. The trial judge overruled his ob-

jection, but implied that she would consider his argument later. The Association, through Poitevent's testimony, then showed that it had raised the assessments in 1992 from the amounts stated in the restrictions to $33.00 for the owner of one lot, $42.00 for the owner of two lots, $57.00 for the owner of three lots, and $72.00 for the owners of four or more lots. Poitevent also testified that the board of directors had raised the assessments again in 1996 to $40.00 for one lot and $15.00 for each additional lot.

 The Association contends that it had the authority to do this. However, the trial court made a finding that because the original bylaws of the Association had not been provided to the court, there was no evidence in the record to establish the Association's authority to raise the assessments above what was imposed by the 1971 and 1972 restrictions filed of record. A homeowners' association has the powers and authority enumerated in its articles of incorporation, bylaws, and restrictive covenants. *See Candlelight Hills Civic Ass'n v. Goodwin,* 763 S.W.2d 474, 478 (Tex. App.-Houston [14th Dist.] 1988, writ denied). As stated above, the Association had the burden of proof on the authority issue. There was nothing in the record from which the trial court could find that the Association had the authority to raise the assessments from the 1971 and 1972 levels. Accordingly, we hold that the Association failed to prove that it had the authority to raise the lot owners' assessments in 1992 and 1996.

 With regard to the Association's contention that the lot owners failed to properly plead the Association's lack of authority as an affirmative defense, we conclude that contention is without merit. An issue is tried by consent when a party introduces evidence to support an issue that is not included in the written plead-

ings and no objection is made to the lack of pleadings. *See* TEX.R. CIV. P. 67; *see also Duncan Land & Exploration v. Littlepage,* 984 S.W.2d 318, 327 (Tex.App.-Fort Worth 1998, pet. denied) (citing *Bell v. Meeks,* 725 S.W.2d 179, 179–80 (Tex. 1987)). Affirmative defenses may be tried by consent even if not properly pleaded. *Duncan Land & Exploration,* 984 S.W.2d at 327. When a defensive issue is not properly pleaded but is brought before the trial court by the active assistance of both parties, it will be considered to have been properly raised to the trial court. *Id.* In this case, the Association introduced into evidence the amended bylaws under which it contended it had the authority to raise assessments. Hudson specifically objected to the Association's lack of authority. The trial judge overruled Hudson's objection, but informed him that she would "consider [his] legal argument as to what effect, if any, what they're talking about has on their obligations. We'll take that up later." The Association then resumed its presentation of testimony relating to the amended bylaws. After closing arguments, the trial court requested briefs on the issue of authority. It was not until that time that the Association informed the trial court that no defendant had pleaded lack of authority.

 A party's unpleaded issue may be deemed tried by consent when evidence on the issue is developed under circumstances indicating both parties understood the issue was in the case. *Frazier v. Havens,* 102 S.W.3d 406, 411 (Tex.App.-Houston [14th Dist.] 2003, no pet.). That occurred here. The Association's issues two and three are overruled.

### REOPENING THE CASE

 In its fourth issue, the Association contends the trial court erred by not allowing it to reopen the case after the evidence

had been closed, closing arguments had been made, and the trial court had requested briefs on the issue of the Association's authority to increase each lot owner's assessments. Before the trial judge left the bench, the following exchange took place:

[ATTORNEY]: Your Honor—

THE COURT: Yes.

[ATTORNEY]:—could I get one clarifying question answered?

THE COURT: No, but you can ask a question.

[ATTORNEY]: Okay. The Defense that you just asked us to brief wasn't raised by either party.

THE COURT: This is fundamental law. You're asking me to enforce these restrictions.

[ATTORNEY]: I understand.

THE COURT: And I'm not going to enforce restrictions unless they're enforceable.

[ATTORNEY]: I understand that, Your Honor.

THE COURT: Okay.

[ATTORNEY]: But there may be some additional—since that wasn't raised, I didn't present evidence on things that might raise the defense of estoppel in related defenses.

THE COURT: I'm not doing that. Y'all brief the law. Y'all have put on your evidence, and I'm going to rule. I've indicated to you what I'm going to rule on. So no more evidence in the case. Submit the briefs in two weeks. And we'll stand in recess until then.

 The question of reopening a case for the purpose of admitting additional evidence is clearly within the sound discretion of the trial judge. *Zodiac Corp. v. Gen. Elec. Credit Corp.*, 566 S.W.2d 341, 346 (Tex.Civ.App.-Tyler 1978, no writ). We should not hold that the trial court abused its discretion by failing to reopen a case to allow further evidence unless the record clearly shows it. *See id.* Here, the Association stated that the matter the trial court asked the parties to brief had not been raised by any party. As we have discussed above, the issue of authority to change the restrictions and therefore increase the lot owners' assessments was tried by consent, actually first having been raised by the Association. Further, the Association did not specify to the trial court exactly what evidence it would present if it were allowed to reopen the case. As a result, we cannot determine that the trial court abused its discretion. The Association's issue four is overruled.

## Remaining Issues

In its fifth issue, the Association contends that the trial court's finding of fact regarding membership of lot owners in the Association was in error. Because we have overruled the first four issues presented by the Association, it is unnecessary for us to address this issue. *See* Tex.R.App. P. 47.1; *see also Northwest Park Homeowners*, 970 S.W.2d at 704.

 In its sixth issue, the Association contends that the trial court erred in not awarding its attorney's fees. In order to be awarded attorney's fees, the Subdivision must have been the prevailing party. It was not. *See* Tex. Prac. & Rem.Code Ann. § 38.001(7), (8) (Vernon 1997). The Association's sixth issue is overruled.

## Disposition

Having overruled five of the Association's issues and having determined that the remaining issue is not necessary to the disposition of the appeal, we *affirm* the judgment of the trial court.