Reversed and Rendered and Memorandum Opinion filed December 28, 2006








Reversed and
Rendered and Memorandum Opinion
filed December 28, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00818-CV

____________

 

LAURA ARELLANO, Appellant

 

V.

 

J&K GARMENT RESTORATION CO.
D/B/A J&K CLEANERS, Appellee

 



 

On Appeal from the Civil
County Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 800,777

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Laura Arellano, appeals the trial court=s judgment in
favor of appellee, J&K Garment Restoration Co. d/b/a J&K Cleaners. 
According to the only fact witness to testify at trial, Solomon Dadaboy,
president and owner of J&K, J&K picked up clothing and other household
items from Arellano for cleaning and restoration from mold.  J&K cleaned
and restored all the items picked up from Arellano.  J&K delivered four
suits to Arellano=s husband.  J&K submitted an invoice
to Arellano for all the items cleaned, but she did not pay the bill.  








J&K filed a suit on sworn account, seeking damages in
the total amount of $10,139:  $6,438 for cleaning and restoration services, and
$3,701 for storage at 5% per month.  After a bench trial, the trial court
awarded J&K $10,139.22 in damages and $3,000 in attorney fees.

In her first issue, Arellano claims the trial court erred
in granting judgment in favor of J&K because J&K failed to state or
establish a recoverable cause of action.  Rule 185 of the Texas Rules of Civil
Procedure[1]
is not a rule of substantive law, but is a rule of procedure stating the
evidence necessary to establish a prima facie right of recovery or defense.  Hou-Tex
Printers, Inc. v. Marbach, 862 S.W.2d 188, 190 (Tex. App.CHouston [14th
Dist.] 1993, no writ).  Thus, it cannot be the basis for any cause of action.  Id. 
Rule 185 makes the sworn account prima facie evidence of the debt.  Bruce v.
McAdoo, 531 S.W.2d 354, 356 (Tex. Civ. App.CEl Paso 1975, no
writ).  To establish sufficient evidence to support a prima facie case in a
suit on sworn account, the plaintiff must strictly follow the provisions set
forth in Rule 185.  Pine Trail Shores Owners= Ass=n, Inc. v. Aiken, 160 S.W.3d 139,
144 (Tex. App.CTyler 2005, no pet.).  

Prior to the start of the trial, Arellano objected to
J&K=s petition on the
grounds that J&K did not plead or swear there was a systematic record kept
of the account and the invoice was not verified in the affidavit.  The trial
court held the affidavit did not set out an itemization of the alleged debt,
but only a conclusory amount, and ruled the affidavit did not comport with Rule
185.  Accordingly, the case was not tried under Rule 185, but under the common
law.








Under Rule 185, a claim is liquidated if the amount of
damages can be accurately calculated by the trial court from the factual
allegations, as opposed to conclusory allegations, in the plaintiff=s petition and the
instrument in writing evidencing the account.  Id.; Mantis v. Resz,
5 S.W.3d 388, 392 (Tex. App.CFort Worth 1999, pet. denied), overruled
on other grounds by Sheldon v. Emergency Med. Consultants, I, P.A., 43
S.W.3d 701, 702B03 (Tex. App.CFort Worth 2001,
no pet.).  AWhen a plaintiff=s suit on sworn
account is not based on a liquidated amount, the pleadings are neutralized and
the plaintiff must prove his case at common law.@  Pine Trail
Shores Owner=s Ass=n, Inc., 160 S.W.3d at
145; (citing Jones v. Ben Maines Air Conditioning, Inc., 621 S.W.2d 437,
439 (Tex. Civ. App.CTexarkana 1981, no writ)).  If the cause
of action is unliquidated or is not proved by an instrument in writing, the
court shall hear evidence of damages.  Pine Trail Shores Owner=s Ass=n, Inc., 160 S.W.3d at
145 (citing Tex. R. Civ. P.
243).  

The elements of a common law cause of action on account are
(1) a sale and delivery of goods or services; (2) the charges on the account
are just, that is, the prices are charged in accordance with an agreement or,
in the absence of an agreement, are the usual, customary, and reasonable prices
for that good or service; and (3) the amount remains unpaid.  Andrews v.
East Tex. Med. Ctr.-Athens, 885 S.W.3d 264, 266 (Tex. App.CTyler 1994, no
writ).  

The unsigned invoice describes the items, the number of
each item, and the price to clean each item.  Out of all the items picked up
from Arellano and cleaned, four suits were delivered to Arellano=s husband. 
Dadaboy received a phone call from Arellano=s husband that
they did not need the clothes and he could donate them.  Dadaboy stated that
the items were stored for over a year.  He expected Arellano to pay for the
cleaning and restoration and submitted the invoice to her for payment.  Dadaboy
believes that he Adid that work in a reasonable and
necessary way.@  








Arellano asserts there is no evidence of the reasonableness
of the charges.  We agree.  In the absence of an agreement, J&K was
required to show the prices for cleaning and restoring Arellano=s clothes and
household items were usual, customary, and reasonable.  While Dadaboy opined
that he performed the work in Aa reasonable and necessary way,@ he failed to
testify or offer evidence that the prices were usual, customary, and
reasonable.  See Marr v. Craddock, 406 S.W.2d 278, 280 (Tex. Civ. App.CTyler 1966, no
writ) (holding evidence was insufficient to support judgment in favor of
appellee in the absence of evidence that the charges for premiums for insurance
policies and the services rendered in connection therewith, were usual,
customary, standard or reasonable, and evidence of an agreed purchase price
with respect to the premiums in the absence of an agreement).  

Moreover, Dadaboy did not state the specific length of time
the items were in storage.  He also acknowledged the invoice does not mention
delivery costs.  No facts underlying the conclusory numbers were put in
evidence.  See Pine Trail Shores Owners= Ass=n, Inc., 160 S.W.3d at
145 (holding home owners= association failed to put into evidence
any facts underlying the conclusory numbers and, therefore, failed to meet its
burden to establish the amount of assessments due from each lot owner). 
Arellano=s first issue is
sustained.[2]

Accordingly, the judgment of the trial court is reversed
and judgment is rendered that J&K take nothing on its suit on account and
its claim for attorney fees.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed December 28, 2006.

Panel consists of
Justices Anderson, Hudson, and Guzman.









[1]  Tex. R. Civ.
P. 185.  





[2]  Because of our disposition of Arellano=s first issue, it is not necessary to address her
remaining issues.