COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-416-CV

 

 

BARRY JOHNSON                                                                APPELLANT

 

                                                   V.

 

WICHITA FALLS HOUSING                                                       APPELLEE

AUTHORITY

                                              ------------

 

             FROM
THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                       I.  Introduction








After a bench trial, the
trial court entered judgment for Appellee Wichita Falls Housing Authority (AWFHA@) in its
eviction suit against Appellant Barry Johnson. 
In three issues, Johnson argues that the trial court=s judgment awarding possession of a leased premises to WFHA violates
his First Amendment free speech rights and the litigation privilege and that
the evidence is legally and factually insufficient to support the trial court=s findings of fact.  We will
affirm.

                   II.  Factual and Procedural Background

Johnson and his mother signed
a Adwelling lease@ with WFHA
on November 20, 2001.  The lease provides
in part that A[m]anagement
may terminate or refuse to renew this Lease for serious or repeated violations
of Resident=s
obligations under any section of this Lease or for other good cause.@  Under section VIII.A.20 of the
lease, residents are obligated to conduct themselves in the following
manner:  ATo act in a cooperative manner with neighbors and Management
staff.  To refrain from and cause
Resident=s household members and guests to refrain from acting or speaking in
an abusive or threatening manner toward neighbors and Management staff.@








Sometime in early 2006,
Johnson gave a resident of WFHA a document purporting to be a proposed
complaint for a federal class action lawsuit. 
The document eventually found its way to Donna Piper, the Executive
Director of WFHA and former Resident Services Coordinator of WFHA, and to the
WFHA Board of Directors staff.  The
document alleges or implies in part that Piper and an employee who handles
accounts and applications for WFHA had sex at work and while on the job with a
former WFHA executive director. 
Believing that the allegations were untrue, Piper confronted Johnson and
requested that they be removed from the document, but Johnson refused to remove
the allegations.

WFHA subsequently began
procedures to evict Johnson for violating Section VIII.A.20 of his lease.  A March 24, 2006 notice of eviction addressed
to Johnson provides in part the following:

On
March 14, 2006 the staff of the Wichita Falls Housing Authority had a
conference with you concerning documents that you are passing around.  We asked you to remove untrue statements from
it=s
[sic] content as they are not true and cause harm to us and our families.  Your actions and comments became violent as
you grabbed HA documents and slammed the door open so hard you indented a
concrete wall.  [Y]ou are in violation of
your lease section VIII.A.20 . . . . 

 

An independent third party conducted a grievance
hearing and ruled in favor of WFHA, stating in her findings that the Aitems [in the document] which refer to alleged inappropriate sexual
conduct should be removed.@








On April 25, 2006, WFHA
initiated an eviction proceeding in the justice of the peace court.  That court granted WFHA possession of the
premises; Johnson appealed to the district court.[2]  In a trial de novo, the district court found
that Johnson violated section VIII.A.20 of the lease and that WFHA was entitled
to possession of the premises.  The trial
court entered findings of fact and conclusions of law.  This appeal followed.

        III.  First Amendment and Litigation Privilege Defenses

In his first and second
issues, Johnson argues that his eviction pursuant to section VIII.A.20 of the
lease violated (1) his free speech rights guaranteed to him by the First
Amendment to the United States Constitution[3]
and (2) the litigation privilege afforded to individuals who make alleged
defamatory statements during the course of judicial proceedings.








Texas Rule of Civil Procedure
94 requires a party to affirmatively plead certain specified defenses and Aany other matter constituting an avoidance or affirmative defense.@  Tex. R. Civ. P. 94. 
Where such a matter is not pleaded, it is waived.  Johnston v. McKinney Am., Inc., 9
S.W.3d 271, 281 (Tex. App.CHouston [14th Dist.] 1999, pet. denied).  A defendant who files only a general denial
waives all affirmative defenses.  Bracton
Corp. v. Evans Constr. Co., 784 S.W.2d 708, 710 (Tex. App.CHouston [14th Dist.] 1990, no writ). 
It is well settled, however, that a matter constituting an avoidance or
affirmative defense may be tried by consent even if it is not properly
pleaded.  Johnston, 9 S.W.3d at
280.  An issue is tried by consent when a
party introduces evidence to support an issue that is not included in the
written pleadings and no objection is made to the lack of pleadings.  Tex.
R. Civ. P. 67; Pine Trail Shores Owners= Ass=n, Inc. v. Aiken, 160 S.W.3d 139, 146 (Tex. App.CTyler 2005, no pet.).








Here, Johnson=s answer filed in the district court generally denied all of WFHA=s allegations.  See Tex. R. Civ. P. 751 (stating that the
clerk=s notice under this rule Ashall advise the defendant of the necessity for filing a written
answer . . . when the defendant has pleaded orally in the justice
court).  Johnson did not specifically
plead his First Amendment or litigation privilege defenses, which he was
required to do.  See Tex. R. Civ. P. 94; Tilton v.
Marshall, 925 S.W.2d 672, 677 (Tex. 1996) (stating that a defendant may
assert the First Amendment as an affirmative defense when a plaintiff=s suit implicates a defendant=s free exercise of rights); Dreyer v. Greene, 871 S.W.2d 697,
698 (Tex. 1993) (reasoning that a constitutional claim must have been raised in
the trial court); Denton Pub. Co. v. Boyd, 460 S.W.2d 881, 884 (Tex.
1971) (stating that privilege is an affirmative defense in the nature of
confession and avoidance and must be proved); U.S. Reading Lab, Inc. v.
Brockette, 551 S.W.2d 531, 532-33 (Tex. Civ. App.CAustin 1977, no writ) (reasoning that defense that statute
unconstitutionally infringed on First Amendment right of free speech must be
affirmatively pleaded); Clinton v. Housing Auth. of City of Dallas, No.
05-94-01931-CV, 1996 WL 144171, at *5-6 (Tex. App.CDallas Mar. 28, 1996, no writ) (not designated for publication)
(reasoning that due process defense was neither pleaded nor tried by
consent).  And although Johnson=s counsel briefly mentioned the defenses during closing argument, this
was not sufficient to raise the defenses in lieu of an affirmative
pleading.  See Tex. R. Civ. P. 94; State v. One
Piece of Property Located at 212 Sendero Drive, Garland, No.
05-92-02292-CV, 1993 WL 96398, at *2 (Tex. App.CDallas Mar. 31, 1993, no writ) (not designated for publication)
(reasoning that defense counsel=s reference to possible double jeopardy defense during closing
argument insufficient to raise defense in light of rule 94).  Because Johnson did not affirmatively plead
his First Amendment and litigation privilege defenses, he waived these
defenses.  See Johnston, 9 S.W.3d
at 281; Bracton Corp., 784 S.W.2d at 710.













Having determined that
Johnson failed to plead his First Amendment and litigation privilege defenses,
we must determine whether they were nonetheless tried by consent.  See Tex.
R. Civ. P. 67; Johnston, 9 S.W.3d at 281.  As to Johnson=s First Amendment defense, his trial counsel cross-examined each of
WFHA=s four witnesses and called Johnson as a witness.  Johnson=s trial counsel questioned WFHA=s first witness about grievance procedures and the fact that certain
federal laws govern the administration of the housing where Johnson
resides.  Johnson=s trial counsel questioned WFHA=s second witness about the document that Johnson prepared, inquiring
into whether the witness thought it was a Acourt related document.@  Johnson=s trial counsel then questioned WFHA=s third witness about an anonymous letter received by the witness, the
circumstances surrounding her response to the letter, and the fact that the
witness lived in the same housing projects as Johnson.  Johnson=s trial counsel questioned WFHA=s fourth witness, Piper, about the independent third party=s decision, about writing that appears on front of the document
prepared by Johnson, about whether the document was sent to multiple
individuals, about how the document came into Piper=s possession, and whether WFHA had received a revised document with
the complained of language deleted therefrom. 
And Johnson=s trial
counsel elicited testimony from Johnson that he resided in the federal housing
project, that he had previously filed two other federal complaints, that he
distributed the document he prepared to one individual, that he has now removed
the complained-of statements, and that he had the right to have a grievance
hearing under federal law.  There was no
testimony elicited by Johnson=s trial counsel attempting to establish Johnson=s First Amendment defense in response or as a defense to WFHA=s evidence supporting his eviction. 
Because Johnson presented no evidence of his First Amendment defense,
the defense was not tried by consent.  See
Aiken, 160 S.W.3d at 146.  Having
determined that Johnson failed to plead his First Amendment defense and that it
was not tried by consent, we overrule Johnson=s first issue.








As to Johnson=s litigation privilege defense, we need not determine whether the
defense was tried by consent because it is inapplicable under the facts of this
case.  Communications made during the
course of judicial proceedings are privileged. 
Bird v. W.C.W., 868 S.W.2d 767, 771 (Tex. 1994); James v.
Brown, 637 S.W.2d 914, 916 (Tex. 1982). 
The general rule is that any communication, oral or written, uttered or
published in the due course of a judicial proceeding is privileged and cannot
constitute the basis of a civil action in damages for slander or libel.  Reagan v. Guardian Life Ins. Co., 140
Tex. 105, 166 S.W.2d 909, 912 (Tex. 1942). 
The privilege applies to communications related to both proposed and
existing judicial and quasi-judicial proceedings.  James, 637 S.W.2d at 916-17; Reagan,
166 S.W.2d at 912; See Randolph v. Walker, 29 S.W.3d 271, 278 (Tex. App.CHouston [14th Dist.] 2000, pet. denied).  The privilege is one of public policy Afounded on the theory that the good it accomplishes in protecting the
rights of the general public outweighs any wrong or injury which may result to
a particular individual.@  Reagan, 166 S.W.2d at 913.[4]








Here, caselaw has limited
application of the litigation privilege to cases in which the plaintiff seeks damages
stemming from the alleged defamatory publication.  See James, 637 S.W.2d at 916-17
(stating that communications made during the course of judicial proceedings Awill not serve as the basis of a civil action for libel or slander@); Reagan, 166 S.W.2d at 912 (stating that privileged
communication cannot constitute the basis Aof a civil action in damages for slander or libel@); Davis v. Davis, 734 S.W.2d 707, 711 (Tex. App.CHouston [1st Dist.] 1987, writ ref=d n.r.e.) (stating that privileged communication cannot serve as the
basis for a civil action Afor libel or
slander@); see also Matta v. May, 118 F.3d 410, 415 (5th Cir. 1997)
(stating that no remedy exists Ain a civil action for libel or slander@ if privilege exists); McLean v. Int=l Harvester Co., 817 F.2d 1214, 1220
(5th Cir. 1987) (reasoning that privileged communications are Aimmune from an action alleging defamation or invasion of privacy@); Jones v. Trice, 210 Tenn. 535, 360 S.W.2d 48, 51 (1962)
(discussing privilege in light of liability in libel, slander, and defamation
actions).  Although the document
containing the complained-of statements appears to be a proposed federal court
class action pleading, which Johnson testified has not been filed yet, we
cannot help but recognize that WFHA has not sued Johnson under any theory
seeking damages for the statements contained in the document.  Indeed, WFHA has not sued Johnson for libel
per se, slander per se, libel per quod, slander per quod, statutory libel,
libel or slander by innuendo or implication, tortious interference, invasion of
privacy, or any other cause of action in which damages are sought based on the
alleged defamatory statements.  Rather,
WFHA filed an eviction lawsuit seeking possession of the leased premises as
part of its effort to enforce its dwelling leaseCan enforceable agreementCwith Johnson.  Consequently, the
public policy underlying the litigation privilege is not served in this
instance because WFHA has not sought any redress for any apparent harm suffered
by it or its staff resulting from the complained of statements.  We therefore hold that the litigation
privilege is inapplicable under the unique facts of this particular case
because WFHA has sought zero damages based on Johnson=s alleged defamatory statements. 
Accordingly, we overrule Johnson=s second issue.

                                 IV.  Challenged Findings

In his third issue, Johnson
argues that the evidence is legally and factually insufficient to support the
trial court=s findings
of fact and conclusions of law.








Findings of fact entered in a
case tried to the court have the same force and dignity as a jury=s answers to jury questions.  Anderson
v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991).  The trial court=s findings of fact are reviewable for legal and factual sufficiency of
the evidence to support them by the same standards that are applied in
reviewing evidence supporting a jury=s answer.  Ortiz v. Jones,
917 S.W.2d 770, 772 (Tex. 1996); Catalina v. Blasdel, 881 S.W.2d 295,
297 (Tex. 1994).  A trial court=s conclusions of law are reviewed de novo as legal questions.  Boyd v. Boyd, 67 S.W.3d 398, 404 (Tex.
App.CFort Worth 2002, no pet.).  We
accord no deference to the lower court=s decision.  Quick v. City of
Austin, 7 S.W.3d 109, 116 (Tex. 1998).








We may sustain a legal
sufficiency challenge only when (1) the record discloses a complete absence of
evidence of a vital fact, (2) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact,
(3) the evidence offered to prove a vital fact is no more than a mere
scintilla, or (4) the evidence establishes conclusively the opposite of a vital
fact.  Uniroyal Goodrich Tire Co. v.
Martinez, 977 S.W.2d 328, 334 (Tex. 1998), cert. denied, 526 U.S.
1040 (1999); Robert W. Calvert, ANo Evidence@ and AInsufficient
Evidence@ Points of
Error, 38 TEX. L. REV. 361, 362B63
(1960).  In determining whether there is
legally sufficient evidence to support the finding under review, we must
consider evidence favorable to the finding if a reasonable fact-finder could
and disregard evidence contrary to the finding unless a reasonable fact-finder
could not.  City of Keller v. Wilson,
168 S.W.3d 802, 807, 827 (Tex. 2005).

An assertion that the
evidence is factually insufficient to support a fact finding means that the
evidence supporting the finding is so weak or the evidence to the contrary is
so overwhelming that the answer should be set aside and a new trial
ordered.  Garza v. Alviar, 395
S.W.2d 821, 823 (Tex. 1965).  We are
required to consider all of the evidence in the case in making this
determination, not just the evidence that supports the finding.  Mar. Overseas Corp. v. Ellis, 971
S.W.2d 402, 406-07 (Tex.), cert. denied, 525 U.S. 1017 (1998).

Eviction suits under the
Texas Property Code include forcible entry and detainer and forcible detainer
suits.  Tex.
Prop. Code Ann. ' 24.004
(Vernon 2000).  As the judgment recites
in this case, WFHA=s eviction
action is a forcible detainer suit.








A forcible detainer action is
the procedure by which the right to immediate possession of real property is
determined.  Cattin v. Highpoint Vill.
Apartments, 26 S.W.3d 737, 738-39 (Tex. App.CFort Worth 2000, pet. dism=d w.o.j.).  A person who refuses
to surrender possession of real property on demand commits a forcible detainer
if the person, among other things, Ais a tenant or a subtenant wilfully and without force holding over
after the termination of the tenant=s right of possession.@  Tex. Prop. Code Ann. ' 24.002(a)(1).  Forcible
detainer actions are intended to be a summary, speedy, and inexpensive remedy
for resolving the question of who is entitled to immediate possession of real
property.  Cattin, 26 S.W.3d at
738-39.

In the instant case, Johnson
challenges the following findings of fact and conclusions of law entered by the
trial court:

[1]  The Court finds that the Defendant, Barry
Johnson, published comments in a writing circulated to members of the public
residing in the Wichita Falls Housing Authority.

[2]  The Court further finds that these comments
made by the Defendant were made knowingly and intentionally and falsely and/or
with reckless disregard for the truth, and such comments were malicious and
false statements concerning the management staff of the Plaintiff, Housing
Authority.

 

[3]  The Court further finds that these comments
were made in violation of the provisions of the lease.

 

[4]  The Court further finds that the writing and
comments made by the Defendant were statements that had no connection or
relationship to any pleading or contemplated litigation when the writing and
comments were made by the Defendant.

 

5]  The Court further finds that the malicious
and false statements did not concern any issue of public discussion or debate.

 

[6]  The Court finds that the Plaintiff gave
Defendant an oppor- tunity to retract the false and malicious comments prior to
proceeding with the eviction action, and Defendant refused to retract such
comments.








[7]  The Court finds that the Defendant violated
provision VIII.A.20 of the lease.

 

[8]  The Court concludes that the Plaintiff has
proven its case for eviction.[5]








The evidence demonstrates
that Johnson signed a lease with WFHA agreeing to abide by certain obligations
expressly set forth therein.  Section
VIII.A.20 requires Johnson to Aact in a cooperative manner with neighbors and Management staff@ and to Arefrain from
. . . acting or speaking in an abusive or threatening manner toward
. . . Management staff.@  Johnson gave a copy of a
document purporting to be a complaint for a federal class action lawsuit to a
WFHA resident.  The document contains
allegations that certain members of WFHA=s staff had sex at work and while on the job.  One allegation implies that Piper, the
current Executive Director of WFHA, obtained her job through sexual favors to a
former WFHA executive director.  Piper
and another member of WFHA=s staff who was mentioned in the document and alleged to have engaged
in the sexual activity testified that they found the allegations Avery offensive@ Abecause [they] were untrue.@  Piper asked Johnson to remove
the complained-of statements because they were false and, according to an
eviction notice addressed to Johnson, Acause harm to us and our families.@  Johnson refused to remove the
complained-of statements at that time. 
The eviction notice further indicates that WFHA held a Aconference@ with
Johnson about the allegations and that Johnson=s Aactions and
comments became violent as [he] grabbed HA documents and slammed the door open
so hard [that he] indented a concrete wall.@  WFHA notified Johnson that he
was in violation of Section VIII.A.20 of his lease orally and in writing.








We hold that the evidence is
legally and factually sufficient to support the above findings of fact
identified as numbers one (that Johnson published comments in a writing
circulated to members of the public residing in the Wichita Falls Housing
Authority) and six (that WFHA gave Johnson an opportunity to retract the
comments prior to proceeding with the eviction action but that Johnson refused
to retract the comments).  See
Martinez, 977 S.W.2d at 334; Ortiz, 917 S.W.2d at 772; Garza,
395 S.W.2d at 823.  The trial court=s determination that the comments were made in violation of the
provisions of the lease (identified as number three above), that Johnson
violated provision VIII.A.20 of the lease (identified as number seven above),
and that WFHA proved its case for eviction (identified as number eight above),
which are conclusions of law, are not erroneous.  See Tex.
Prop. Code Ann. ' 24.002(a)(1);
Boyd, 67 S.W.3d at 404; Cattin, 26 S.W.3d at 738-39.  We need not consider the findings of fact and
conclusions of law identified above as numbers two, four, and five because they
relate to Johnson=s First
Amendment and litigation privilege defenses, which we analyzed above and
concluded that they were unavailable to Johnson.  See Tex.
R. App. P. 47.1; One Piece of Property, 1993 WL 96398, at *3
(declining to consider challenged fact findings concerning defenses not
affirmatively pleaded).  We overrule
Johnson=s third issue.

                                        V.  Conclusion

Having overruled all of
Johnson=s issues, we affirm the trial court=s judgment.

 

PER CURIAM

PANEL F: 
HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: 
November 21, 2007











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Gov=t Code Ann. ' 24.132(b)
(Vernon 2004) (providing that each district court in Wichita County has the
civil jurisdiction of a county court).





[3]See U.S.
Const. amend. I.  Johnson does not argue that his eviction
violated the rights afforded to him under article I, section 8 of the Texas
constitution.





[4]We
assume for purposes of determining whether the litigation privilege applies
that the complained-of statements were defamatory.  See Reagan, 166 S.W.2d at 912 (stating
that the falsity of the statement or the malice of the utterer is immaterial).





[5]The
trial court also entered the following finding of fact:  The Court finds that the lease entered into
by the parties contained a provision which required the residents of the premises
to act in a cooperative manner with the management staff.  Johnson does not challenge this finding.