COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-416-CV

BARRY JOHNSON APPELLANT

V.

WICHITA FALLS HOUSING APPELLEE

AUTHORITY

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

After a bench trial, the trial court entered judgment for Appellee Wichita Falls Housing Authority (“WFHA”) in its eviction suit against Appellant Barry Johnson.  In three issues, Johnson argues that the trial court’s judgment awarding possession of a leased premises to WFHA violates his First Amendment free speech rights and the litigation privilege and that the evidence is legally and factually insufficient to support the trial court’s findings of fact.  We will affirm.

II.  Factual and Procedural Background

Johnson and his mother signed a “dwelling lease” with WFHA on November 20, 2001.  The lease provides in part that “[m]anagement may terminate or refuse to renew this Lease for serious or repeated violations of Resident’s obligations under any section of this Lease or for other good cause.”  Under section VIII.A.20 of the lease, residents are obligated to conduct themselves in the following manner:  “To act in a cooperative manner with neighbors and Management staff.  To refrain from and cause Resident’s household members and guests to refrain from acting or speaking in an abusive or threatening manner toward neighbors and Management staff.”

Sometime in early 2006, Johnson gave a resident of WFHA a document purporting to be a proposed complaint for a federal class action lawsuit.  The document eventually found its way to Donna Piper, the Executive Director of WFHA and former Resident Services Coordinator of WFHA, and to the WFHA Board of Directors staff.  The document alleges or implies in part that Piper and an employee who handles accounts and applications for WFHA had sex at work and while on the job with a former WFHA executive director.  Believing that the allegations were untrue, Piper confronted Johnson and requested that they be removed from the document, but Johnson refused to remove the allegations.

WFHA subsequently began procedures to evict Johnson for violating Section VIII.A.20 of his lease.  A March 24, 2006 notice of eviction addressed to Johnson provides in part the following:

On March 14, 2006 the staff of the Wichita Falls Housing Authority had a conference with you concerning documents that you are passing around.  We asked you to remove untrue statements from it’s [sic] content as they are not true and cause harm to us and our families.  Your actions and comments became violent as you grabbed HA documents and slammed the door open so hard you indented a concrete wall.  [Y]ou are in violation of your lease section VIII.A.20 . . . . 

An independent third party conducted a grievance hearing and ruled in favor of WFHA, stating in her findings that the “items [in the document] which refer to alleged inappropriate sexual conduct should be removed.”

On April 25, 2006, WFHA initiated an eviction proceeding in the justice of the peace court.  That court granted WFHA possession of the premises; Johnson appealed to the district court.
(footnote: 2)  In a trial de novo, the district court found that Johnson violated section VIII.A.20 of the lease and that WFHA was entitled to possession of the premises.  The trial court entered findings of fact and conclusions of law.  This appeal followed.

III.  First Amendment and Litigation Privilege Defenses

In his first and second issues, Johnson argues that his eviction pursuant to section VIII.A.20 of the lease violated (1) his free speech rights guaranteed to him by the First Amendment to the United States Constitution
(footnote: 3) and (2) the litigation privilege afforded to individuals who make alleged defamatory statements during the course of judicial proceedings.

Texas Rule of Civil Procedure 94 requires a party to affirmatively plead certain specified defenses and “any other matter constituting an avoidance or affirmative defense.”  
Tex. R. Civ. P.
 94.  Where such a matter is not pleaded, it is waived.  
Johnston v. McKinney Am., Inc.
, 9 S.W.3d 271, 281 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).  A defendant who files only a general denial waives all affirmative defenses.  
Bracton Corp. v. Evans Constr. Co.
, 784 S.W.2d 708, 710 (Tex. App.—Houston [14th Dist.] 1990, no writ).  It is well settled, however, that a matter constituting an avoidance or affirmative defense may be tried by consent even if it is not properly pleaded.  
Johnston
, 9 S.W.3d at 280.  An issue is tried by consent when a party introduces evidence to support an issue that is not included in the written pleadings and no objection is made to the lack of pleadings.  
Tex. R. Civ. P.
 67; 
Pine Trail Shores Owners’ Ass’n, Inc
. 
v. Aiken
, 160 S.W.3d 139, 146 (Tex. App.—Tyler 2005, no pet.).

Here, Johnson’s answer filed in the district court generally denied all of WFHA’s allegations.  
See
 
Tex. R. Civ. P.
 751 (stating that the clerk’s notice under this rule “shall advise the defendant of the necessity for filing a written answer . . . when the defendant has pleaded orally in the justice court).  Johnson did not specifically plead his First Amendment or litigation privilege defenses, which he was required to do.  
See
 
Tex. R. Civ. P.
 94; 
Tilton v. Marshall
, 925 S.W.2d 672, 677 (Tex. 1996) (stating that a defendant may assert the First Amendment as an affirmative defense when a plaintiff’s suit implicates a defendant’s free exercise of rights); 
Dreyer v. Greene
, 871 S.W.2d 697, 698 (Tex. 1993) (reasoning that a constitutional claim must have been raised in the trial court); 
Denton Pub. Co. v. Boyd,
 460 S.W.2d 881, 884 (Tex. 1971) (stating that privilege is an affirmative defense in the nature of confession and avoidance and must be proved); 
U.S. Reading Lab, Inc. v. Brockette
, 551 S.W.2d 531, 532-33 (Tex. Civ. App.—Austin 1977, no writ) (reasoning that defense that statute unconstitutionally infringed on First Amendment right of free speech must be affirmatively pleaded); 
Clinton v. Housing Auth. of City of Dallas
, No. 05-94-01931-CV, 1996 WL 144171, at *5-6 (Tex. App.—Dallas Mar. 28, 1996, no writ) (not designated for publication) (reasoning that due process defense was neither pleaded nor tried by consent).  And although Johnson’s counsel briefly mentioned the defenses during closing argument, this was not sufficient to raise the defenses in lieu of an affirmative pleading.  
See
 
Tex. R. Civ. P.
 94; 
State v. One Piece of Property Located at 212 Sendero Drive, Garland
, No. 05-92-02292-CV, 1993 WL 96398, at *2 (Tex. App.—Dallas Mar. 31, 1993, no writ) (not designated for publication) (reasoning that defense counsel’s reference to possible double jeopardy defense during closing argument insufficient to raise defense in light of rule 94).  Because Johnson did not affirmatively plead his First Amendment and litigation privilege defenses, he waived these defenses.  
See Johnston
, 9 S.W.3d at 281; 
Bracton Corp.
, 784 S.W.2d at 710.

Having determined that Johnson failed to plead his First Amendment and litigation privilege defenses, we must determine whether they were nonetheless tried by consent.  
See
 
Tex. R. Civ. P.
 67; 
Johnston
, 9 S.W.3d at 281.  As to Johnson’s First Amendment defense, his trial counsel cross-examined each of WFHA’s four witnesses and called Johnson as a witness.  Johnson’s trial counsel questioned WFHA’s first witness about grievance procedures and the fact that certain federal laws govern the administration of the housing where Johnson resides.  Johnson’s trial counsel questioned WFHA’s second witness about the document that Johnson prepared, inquiring into whether the witness thought it was a “court related document.”  Johnson’s trial counsel then questioned WFHA’s third witness about an anonymous letter received by the witness, the circumstances surrounding her response to the letter, and the fact that the witness lived in the same housing projects as Johnson.  Johnson’s trial counsel questioned WFHA’s fourth witness, Piper, about the independent third party’s decision, about writing that appears on front of the document prepared by Johnson, about whether the document was sent to multiple individuals, about how the document came into Piper’s possession, and whether WFHA had received a revised document with the complained of language deleted therefrom.  And Johnson’s trial counsel elicited testimony from Johnson that he resided in the federal housing project, that he had previously filed two other federal complaints, that he distributed the document he prepared to one individual, that he has now removed the complained-of statements, and that he had the right to have a grievance hearing under federal law.  There was no testimony elicited by Johnson’s trial counsel attempting to establish Johnson’s First Amendment defense in response or as a defense to WFHA’s evidence supporting his eviction.  Because Johnson presented no evidence of his First Amendment defense, the defense was not tried by consent.  
See Aiken
, 160 S.W.3d at 146.  Having determined that Johnson failed to plead his First Amendment defense and that it was not tried by consent, we overrule Johnson’s first issue.

As to Johnson’s litigation privilege defense, we need not determine whether the defense was tried by consent because it is inapplicable under the facts of this case.  Communications made during the course of judicial proceedings are privileged.  
Bird v. W.C.W.
, 868 S.W.2d 767, 771 (Tex. 1994); 
James v. Brown
, 637 S.W.2d 914, 916 (Tex. 1982).  The general rule is that any communication, oral or written, uttered or published in the due course of a judicial proceeding is privileged and cannot constitute the basis of a civil action in damages for slander or libel.  
Reagan v. Guardian Life Ins. Co.
, 140 Tex. 105, 166 S.W.2d 909, 912 (Tex. 1942).  The privilege applies to communications related to both proposed and existing judicial and quasi-judicial proceedings.  
James
, 637 S.W.2d at 916-17; 
Reagan
, 166 S.W.2d at 912; 
See Randolph v. Walker
, 29 S.W.3d 271, 278 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).  The privilege is one of public policy “founded on the theory that the good it accomplishes in protecting the rights of the general public outweighs any wrong or injury which may result to a particular individual.”  
Reagan
, 166 S.W.2d at 913.
(footnote: 4)
 Here, caselaw has limited application of the litigation privilege to cases in which the plaintiff seeks 
damages
 stemming from the alleged defamatory publication.  
See James
, 637 S.W.2d at 916-17 (stating that communications made during the course of judicial proceedings “will not serve as the basis of a civil action for libel or slander”); 
Reagan
, 166 S.W.2d at 912 (stating that privileged communication cannot constitute the basis “of a civil action in damages for slander or libel”); 
Davis v. Davis
, 734 S.W.2d 707, 711 (Tex. App.—Houston [1st Dist.] 1987, writ ref’d n.r.e.) (stating that privileged communication cannot serve as the basis for a civil action “for libel or slander”); 
see also Matta v. May
, 118 F.3d 410, 415 (5th Cir. 1997) (stating that no remedy exists “in a civil action for libel or slander” if privilege exists); 
McLean v. Int’l Harvester Co.
, 817 F.2d 1214, 1220 (5th Cir. 1987) (reasoning that privileged communications are “immune from an action alleging defamation or invasion of privacy”); 
Jones v. Trice
, 210 Tenn. 535, 360 S.W.2d 48, 51 (1962) (discussing privilege in light of liability in libel, slander, and defamation actions).  Although the document containing the complained-of statements appears to be a proposed federal court class action pleading, which Johnson testified has not been filed yet, we cannot help but recognize that WFHA has not sued Johnson under any theory seeking damages for the statements contained in the document.  Indeed, WFHA has not sued Johnson for libel per se, slander per se, libel per quod, slander per quod, statutory libel, libel or slander by innuendo or implication, tortious interference, invasion of privacy, or any other cause of action in which damages are sought based on the alleged defamatory statements.  Rather, WFHA filed an eviction lawsuit seeking possession of the leased premises as part of its effort to enforce its dwelling lease—an enforceable agreement—with Johnson.  Consequently, the public policy underlying the litigation privilege is not served in this instance because WFHA has not sought any redress for any apparent harm suffered by it or its staff resulting from the complained of statements.  We therefore hold that the litigation privilege is inapplicable under the unique facts of this particular case because WFHA has sought zero damages based on Johnson’s alleged defamatory statements.  Accordingly, we overrule Johnson’s second issue.

IV.  Challenged Findings

In his third issue, Johnson argues that the evidence is legally and factually insufficient to support the trial court’s findings of fact and conclusions of law.

Findings of fact entered in a case tried to the court have the same force and dignity as a jury’s answers to jury questions.  
Anderson v. City of Seven Points
, 806 S.W.2d 791, 794 (Tex. 1991).  The trial court’s findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury’s answer.  
Ortiz v. Jones,
 917 S.W.2d 770, 772 (Tex. 1996); 
Catalina v. Blasdel,
 881 S.W.2d 295, 297 (Tex. 1994).  A trial court’s conclusions of law are reviewed de novo as legal questions.  
Boyd v. Boyd
, 67 S.W.3d 398, 404 (Tex. App.—Fort Worth 2002, no pet.).  We accord no deference to the lower court’s decision.  
Quick v. City of Austin
, 7 S.W.3d 109, 116 (Tex. 1998).

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez
, 977 S.W.2d 328, 334 (Tex. 1998), 
cert. denied
, 526 U.S. 1040 (1999); Robert W. Calvert, 
“No Evidence”
 
and “Insufficient Evidence” Points of Error
, 38 T
EX
. L. R
EV
. 361, 362–63 (1960).  In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable fact-finder could and disregard evidence contrary to the finding unless a reasonable fact-finder could not.  
City of Keller v. Wilson
, 168 S.W.3d 802, 807, 827 (Tex. 2005).

An assertion that the evidence is factually insufficient to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.  
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are required to consider all of the evidence in the case in making this determination, not just the evidence that supports the finding.  
Mar. Overseas Corp. v. Ellis
, 971 S.W.2d 402, 406-07 (Tex.), 
cert. denied
, 525 U.S. 1017 (1998).

Eviction suits under the Texas Property Code include forcible entry and detainer and forcible detainer suits.  
Tex. Prop. Code Ann.
 § 24.004 (Vernon 2000).  As the judgment recites in this case, WFHA’s eviction action is a forcible detainer suit.

A forcible detainer action is the procedure by which the right to immediate possession of real property is determined.  
Cattin v. Highpoint Vill. Apartments
, 26 S.W.3d 737, 738-39 (Tex. App.—Fort Worth 2000, pet. dism’d w.o.j.).  A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person, among other things, “is a tenant or a subtenant wilfully and without force holding over after the termination of the tenant’s right of possession.”  
Tex. Prop. Code Ann.
 § 24.002(a)(1).  Forcible detainer actions are intended to be a summary, speedy, and inexpensive remedy for resolving the question of who is entitled to immediate possession of real property.  
Cattin
, 26 S.W.3d at 738-39.

In the instant case, Johnson challenges the following findings of fact and conclusions of law entered by the trial court:

[1]  The Court finds that the Defendant, Barry Johnson, published comments in a writing circulated to members of the public residing in the Wichita Falls Housing Authority.

[2]  The Court further finds that these comments made by the Defendant were made knowingly and intentionally and falsely and/or with reckless disregard for the truth, and such comments were malicious and false statements concerning the management staff of the Plaintiff, Housing Authority.

[3]  The Court further finds that these comments were made in violation of the provisions of the lease.

[4]  The Court further finds that the writing and comments made by the Defendant were statements that had no connection or relationship to any pleading or contemplated litigation when the writing and comments were made by the Defendant.

5]  The Court further finds that the malicious and false statements did not concern any issue of public discussion or debate.

[6]  The Court finds that the Plaintiff gave Defendant an oppor- tunity to retract the false and malicious comments prior to proceeding with the eviction action, and Defendant refused to retract such comments.

[7]  The Court finds that the Defendant violated provision VIII.A.20 of the lease.

[8]  The Court concludes that the Plaintiff has proven its case for eviction.
(footnote: 5)
 The evidence demonstrates that Johnson signed a lease with WFHA agreeing to abide by certain obligations expressly set forth therein.  Section VIII.A.20 requires Johnson to “act in a cooperative manner with neighbors and Management staff” and to “refrain from . . . acting or speaking in an abusive or threatening manner toward . . . Management staff.”  Johnson gave a copy of a document purporting to be a complaint for a federal class action lawsuit to a WFHA resident.  The document contains allegations that certain members of WFHA’s staff had sex at work and while on the job.  One allegation implies that Piper, the current Executive Director of WFHA, obtained her job through sexual favors to a former WFHA executive director.  Piper and another member of WFHA’s staff who was mentioned in the document and alleged to have engaged in the sexual activity testified that they found the allegations “very offensive” “because [they] were untrue.”  Piper asked Johnson to remove the complained-of statements because they were false and, according to an eviction notice addressed to Johnson, “cause harm to us and our families.”  Johnson refused to remove the complained-of statements at that time.  The eviction notice further indicates that WFHA held a “conference” with Johnson about the allegations and that Johnson’s “actions and comments became violent as [he] grabbed HA documents and slammed the door open so hard [that he] indented a concrete wall.”  WFHA notified Johnson that he was in violation of Section VIII.A.20 of his lease orally and in writing.

We hold that the evidence is legally and factually sufficient to support the above findings of fact identified as numbers one (that Johnson published comments in a writing circulated to members of the public residing in the Wichita Falls Housing Authority) and six (that WFHA gave Johnson an opportunity to retract the comments prior to proceeding with the eviction action but that Johnson refused to retract the comments).  
See Martinez
, 977 S.W.2d at 334; 
Ortiz,
 917 S.W.2d at 772; 
Garza
, 395 S.W.2d at 823.  The trial court’s determination that the comments were made in violation of the provisions of the lease (identified as number three above), that Johnson violated provision VIII.A.20 of the lease (identified as number seven above), and that WFHA proved its case for eviction (identified as number eight above), which are conclusions of law, are not erroneous.  
See
 
Tex. Prop. Code Ann.
 § 24.002(a)(1); 
Boyd
, 67 S.W.3d at 404; 
Cattin
, 26 S.W.3d at 738-39.  We need not consider the findings of fact and conclusions of law identified above as numbers two, four, and five because they relate to Johnson’s First Amendment and litigation privilege defenses, which we analyzed above and concluded that they were unavailable to Johnson.  
See
 
Tex. R. App. P.
 47.1; 
One Piece of Property
, 1993 WL 96398, at *3 (declining to consider challenged fact findings concerning defenses not affirmatively pleaded).  We overrule Johnson’s third issue.

V.  Conclusion

Having overruled all of Johnson’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  November 21, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Gov’t Code Ann.
 § 24.132(b) (Vernon 2004) (providing that each district court in Wichita County has the civil jurisdiction of a county court).

3:
See
 U.S. 
Const.
 amend. I.  Johnson does not argue that his eviction violated the rights afforded to him under article I, section 8 of the Texas constitution.

4:
We assume for purposes of determining whether the litigation privilege applies that the complained-of statements were defamatory.  
See Reagan
, 166 S.W.2d at 912 (stating that the falsity of the statement or the malice of the utterer is immaterial).

5:
The trial court also entered the following finding of fact:  The Court finds that the lease entered into by the parties contained a provision which required the residents of the premises to act in a cooperative manner with the management staff.  Johnson does not challenge this finding.