**Billie CATTIN and Clyde Cook, Appellants,**

v.

**HIGHPOINT VILLAGE APARTMENTS, Appellee.**

No. 2–00–122–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 28, 2000.

Holly Crampton, Wichita Falls, for Appellant.

Stephen R. Bjordammen, Wichita Falls, for Appellee.

PANEL F: CAYCE, C.J.;
DAUPHINOT and GARDNER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

In this forcible detainer suit, Billie Cattin and Clyde Cook appeal from an adverse judgment of the justice court, which the district court affirmed on appeal in a trial de novo. The sole issue on appeal is whether the pretrial notice provision of rule 245 of the Texas Rules of Civil Procedure applies to forcible detainer actions on appeal from a justice court.[1] Because we hold the provision does not apply to appeals of forcible detainer actions, we affirm the district court's judgment.

The record shows that Appellee filed this forcible detainer suit in the justice court of Wichita County to get possession of Appellants' apartment. The justice court rendered judgment against Appellants on October 20, 1999, and awarded possession of the apartment to Appellee.

Appellants then appealed to the district court of Wichita County for a trial de novo.[2] Appellee gave Appellants written notice on January 19, 2000, that the appeal was set for trial on February 28, 2000. On the day of trial, Appellants filed a written objection to the trial setting based on the fact they were given only 40 days' notice of the setting instead of the 45 days required by rule 245. The district court overruled the objection, proceeded to trial, and rendered judgment affirming the justice court's decision.

Appellants do not challenge the sufficiency of the evidence to support the district court's decision regarding possession. Their only complaint is that the district court erred in overruling their objection to insufficient notice of the trial setting. Appellants do not contend they were harmed in any way at trial as a result of insufficient notice. They make no complaint that they were unable to properly prepare for trial or that they were unable to present evidence or witnesses at trial. Appellants' only argument is that they had an absolute right to 45 days' notice under the provisions of rule 245. We have found no authority, and Appellants have not cited any, applying the pretrial notice provisions of rule 245 to a forcible detainer appeal by trial de novo.

A forcible detainer action is a special proceeding governed by particular applicable statutes and rules found in sections 24.001 to 24.011 of the Texas Property Code and Texas Rules of Civil Procedure 738 to 755.[3] Forcible detainer actions are intended to be a summary, speedy, and inexpensive remedy for resolving the question of who is entitled to

---

1. Rule 245 provides that the court may set a contested case for trial the first time upon reasonable notice of not less than forty-five days to the parties. When a contested case previously has been set for trial, the court may reset the case upon any reasonable notice to the parties. Tex.R. Civ. P. 245.

2. In forcible detainer cases, an appeal of the justice court's judgment is brought in the county court of the county in which the judgment is rendered. See Tex R. Civ. P. 749. In this case, the district courts of Wichita County have the civil jurisdiction of a county court. See Tex. Gov't Code Ann. §§ 24.132, 24.180 (Vernon 1988).

3. See Haginas v. Malbis Mem'l Found., 163 Tex. 274, 354 S.W.2d 368, 371 (1962).

immediate possession of the premises.[4] These actions are properly brought in justice court.[5] Either party may then appeal the justice court's judgment to the county court or other court having jurisdiction of the appeal.[6] An appeal in a forcible detainer action is by trial de novo.[7]

Consistent with the summary and speedy purpose of forcible detainer actions, rule 753 provides that the appeal "shall be subject to trial at any time after the expiration of eight full days after the date the transcript[8] is filed in the county court."[9] The plain language of rule 753 governs the time for trial in forcible detainer appeals. Applying rule 245 as Appellants suggest would ignore the specific rules governing forcible detainer actions and the plain language of rule 753 and undermine the purpose behind these rules.

Here, the transcript was filed in the district court on November 8, 1999. Under rule 753, the appeal by trial de novo could occur as early as November 16. However, the trial was not scheduled until February 28, 2000. This setting was more than 70 days after the transcript was filed and well within the provisions of rule 753. In addition, the January 19 trial notice gave Appellants forty days to prepare for trial. Under these facts, the district court did not err in overruling Appellants' notice objection to the February 28 trial setting.

We overrule Appellants' point on appeal and affirm the district court's judgment.

---

**4.** *See McGlothlin v. Kliebert,* 672 S.W.2d 231, 232 (Tex.1984).

**5.** *See* Tex. Prop.Code Ann. § 24.004 (Vernon Supp.2000).

**6.** *See* Tex.R. Civ. P. 749, 751; Tex. Gov't Code Ann. §§ 24.132, 24.180; *Kennedy v. Highland Hills Apartments,* 905 S.W.2d 325, 326–27 (Tex.App.—Dallas 1995, no writ).

**7.** *See* Tex.R. Civ. P. 749, 751.

**8.** While under the Texas Rules of Appellate Procedure this is now referenced as the "clerk's record," the rules governing forcible detainer actions use the term "transcript." *See* Tex.R.App. P. 34.5

**9.** Tex.R. Civ. P. 753.