02-09-445-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00445-CV

 

 


 
 
 Lance A. Fleming and All Other
 Occupants
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Fannie Mae a/k/a Federal National
 Mortgage Association
 
 
  
 
 
 APPELLEE 
 
 


 

 

------------

 

FROM County Court at Law No. 1 OF Tarrant
COUNTY

------------

MEMORANDUM OPINION[1]

----------

I.  Introduction

          Appellant Lance A. Fleming and All
Other Occupants (Fleming) appeal the trial court’s judgment awarding possession
of real estate to Appellee Fannie Mae a/k/a Federal National Mortgage
Association.  In three issues, Fleming argues
that the trial court erred by rendering judgment for Fannie Mae because (1) Fannie
Mae’s pleading is invalid, (2) a business records affidavit tendered to
the trial court failed to meet the requirements of the rules of evidence, and
(3) the substitute trustee’s deed tendered to the trial court was
insufficient to support a prima facie claim of title.  We will affirm.

II. 
Factual and Procedural Background

          In 2006, Fleming executed a deed of
trust that granted Carteret Mortgage Corp Main Branch a security interest in
real estate located at 2100 York Drive, Fort Worth, Texas  76134 (the property).  The deed of trust included the following
provision:

If the Property is
sold pursuant to this Section 22, [Fleming] or any person holding possession of
the Property through [Fleming] shall immediately surrender possession of the
Property to the purchaser at that sale. 
If possession is not surrendered, [Fleming] or such person shall be a
tenant at sufferance and may be removed by writ of possession or other court
proceeding.

 

          Mortgage Electronic Registration
Systems, Inc., as nominee for Carteret Mortgage Corp., subsequently assigned
all of its right, title, and interest in the mortgage executed by Fleming to
Central Mortgage Company.  Fleming defaulted
under the terms of the deed of trust, and Central Mortgage Company appointed a
substitute trustee to conduct a foreclosure sale of the property.  Fannie Mae purchased the property in February
2009 and subsequently sent a notice to Fleming demanding that he vacate the property.
 It is undisputed that Fleming did not
vacate the property.

          In July 2009, Fannie Mae filed an action
for forcible detainer in the justice court against Fleming, alleging that
Fleming was in wrongful possession of the property since the date of the
foreclosure sale.  The justice court
signed a judgment in favor of Fannie Mae, and Fleming appealed to the county
court at law.  The county court denied
Fleming’s plea in abatement, which challenged the validity of Fannie Mae’s
pleading on the ground that the petition was not properly sworn, and found that
Fannie Mae was entitled to possession of the property.  The county court denied Fleming’s motion for
new trial, and this appeal followed.

III.  Pleading and Plea in Abatement

          In the first issue, Fleming argues
that the trial court erred by rendering judgment for Fannie Mae because Fannie
Mae’s amended petition “was not a valid pleading which even required
[Fleming’s] answer.”  Fleming contends
that the affidavit attached to Fannie Mae’s amended petition did not meet the
requirement of rules of civil procedure 739 and 93 that a petition for forcible
detainer be sworn because the attorney who signed the amended petition stated,
“I have read the foregoing [petition] and to
the best of my personal knowledge, the facts stated therein are true and
correct.”  [Emphasis added.]  Fleming argues that this alleged defect,
which was raised in the plea in abatement and ruled on prior to trial, is
“jurisdictional and may be raised at any time.”

          Two of our sister courts have recently
addressed this identical issue and held that a defective verification did not
deprive the county court of jurisdiction to hear the forcible detainer
action.  See Shutter v. Wells Fargo Bank, N.A., 318 S.W.3d 467, 469 (Tex.
App.—Dallas 2010, pet. filed); Reagan v.
NPOT Partners I, L.P., No. 06-08-00071-CV, 2009 WL 763565, at *1–3 (Tex.
App.—Texarkana Mar. 25, 2009, pet. dism’d w.o.j.) (mem. op.).  We agree with the reasoning and conclusions reached
by these courts.  Accordingly, assuming
that the verification was defective, we hold that, to the extent Fleming raises
a jurisdictional challenge to the trial court’s judgment in favor of Fannie
Mae, such a challenge is without merit.  See Shutter, 318 S.W.3d at 469; Reagan, 2009 WL 763565, at *2.

          To the extent Fleming challenges the
trial court’s denial of his plea in abatement, we review a trial court’s ruling
granting or denying a plea in abatement for an abuse of discretion.  Wyatt
v. Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex. 1988).  The trial court abuses its discretion when it
acts in an unreasonable and arbitrary manner, or without reference to any
guiding rules or principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241–42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986).  A plea
in abatement challenges the plaintiff’s pleading by asserting that facts
outside the pleadings prevent the suit from going forward until the problem can
be cured.  Morgan v. City of Alvin, 175 S.W.3d 408, 421 (Tex. App.—Houston [1st
Dist.] 2004, no pet.).

          Like the appellant in Shutter, in this case, Fleming did not
allege or explain how the alleged defective verification was an impediment to
the trial court’s determination of immediate possession, nor has Fleming
offered any analysis demonstrating that he was harmed by the trial court’s
alleged erroneous denial of the plea in abatement.  See
Shutter, 318 S.W.3d at 470.  Accordingly,
we overrule Fleming’s first issue.

IV.  Business Records Affidavit

          In the second issue, Fleming argues
that the trial court “erred in granting judgment” because the business records affidavit
that Fannie Mae tendered to the county court did not meet the requirements of
rules of evidence 803(6), 803(7), and 902(10) for establishing the
admissibility of the documents evidencing the foreclosure sale and notices to
vacate (Plaintiff’s Exhibits 1-A, general warranty deed with vendor’s lien; 1-B,
deed of trust; 1-C, assignment of mortgage; 1-D, substitute trustee’s deed; and
1-E, notices to vacate).  He complains
that Fannie Mae “does not offer an affiant who can testify of personal
knowledge of [Fannie Mae’s] record-keeping, nor of [Fannie Mae’s] law firm’s
record-keeping, but of a third-party contractor of the law firm’s record keeping.”

          We initially observe that Fleming agreed
at trial that Plaintiff’s Exhibits 1-A, 1-B, 1-C, and 1-D “would be admissible
as public records.”  We construe Fleming’s
agreement as a concession that those exhibits were self-authenticated certified
copies of public records under rule 902(4) and admissible as an exception to
the hearsay rule under rule 803(8).  See Tex. R. Evid. 803(8), 902(4).

          The business records exception
provides that evidence meeting certain criteria should not be excluded under the
hearsay rule.  See Tex. R. Evid. 803(6). 
The four requirements are (1) the records were made and kept in the
course of a regularly conducted business activity, (2) it was the regular
practice of the business activity to make the records, (3) the records
were made at or near the time of the event that they record, and (4) the
records were made by a person with knowledge who was acting in the regular
course of business.  In re E.A.K., 192 S.W.3d 133, 141 (Tex. App.—Houston [14th Dist.]
2006. pet. denied).  The prerequisites of
rule 803(6) may be provided by the custodian of records or a “qualified
witness.”  Tex. R. Evid. 803(6).  Rule 803(6) does not require a witness who is
laying the predicate for introduction of a business record to be the creator of
the document or even an employee of the company keeping the subject
record.  Houston Shell & Concrete Co. v. Kingsley Constructors, Inc.,
987 S.W.2d 184, 186 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  Rather, an affiant may qualify as a “qualified
witness” by demonstrating personal knowledge of the facts contained within the
business record.  Id. (citing Duncan Dev., Inc.
v. Haney, 634 S.W.2d 811, 813–14 (Tex. 1982)).  “Determining admissibility of business
records affidavits involves deciding whether ‘the source of information or the
method or circumstances of preparation indicate a lack of
trustworthiness.’”  Simien v. Unifund CCR Partners, 321 S.W.3d 235, 246 (Tex.
App.—Houston [1st Dist.] 2010, no pet.) (citing Tex. R. Evid. 803(6)).  The admission or exclusion of evidence rests
within the sound discretion of the trial court. 
State v. Bristol Hotel Asset Co.,
65 S.W.3d 638, 647 (Tex. 2001).

          Fannie Mae submitted the business
records affidavit of William Attmore to establish the admissibility of, among
other things, Plaintiff’s Exhibit 1-E, the notices to vacate the property.  The affidavit states in relevant part the
following:

          My name is William Attmore, I am over
the age of eighteen (18) years, have never been convicted of a felony, and have
personal knowledge of the facts contained in this Affidavit and they are true
and correct to the best of my knowledge and belief.

 

          I am employed by NATIONAL DEFAULT
EXCHANGE, L.P., an affiliated service provider for the law firm of BARRETT
DAFFIN FRAPPIER TURNER AND ENGEL, LLP, (hereinafter “BDFTE”), attorneys for
Plaintiff, FANNIE MAE ALSO KNOWN AS FEDERAL NATIONAL MORTGAGE ASSOCIATION as a
paralegal and I am authorized to make this Affidavit on behalf of BDFTE as
attorneys for Plaintiff herein.  I have
care, custody and control of all records concerning the non-judicial
foreclosure and forcible entry and detainer proceedings against [Fleming];
hereinafter “Defendant(s)”.

 

          I am the custodian of the records of
BDFTE, attorneys for Plaintiff, FANNIE MAE ALSO KNOWN AS FEDERAL NATIONAL
MORTGAGE ASSOCIATION.  Attached hereto
are thirty-four (34) pages of records from the foreclosure and forcible entry
and detainer file against Defendants. 
The said thirty-four (34) pages of records are kept by Plaintiff in the
regular course of business, and it was in the regular course of business for an
employee or representative of BDFTE, with knowledge of the act, event,
condition, opinion, or diagnosis, recorded to make the record or to transmit
information thereof to be included in such record; and the record was made at
or near the time or reasonably soon thereafter. 
The records attached hereto are the originals or exact duplicates of the
original.

 

          On APRIL 9, 2009, a Notice to Vacate
was forwarded by certified mail, return receipt requested, and regular mail,
postage prepaid, to [Fleming], demanding that the Defendants vacate the
property within three (3) days or forcible detainer proceedings would be
commenced against them and all other occupants.

 

          The affidavit thus demonstrates that
Attmore is the custodian of records for the law firm that represented Fannie
Mae at trial, and it tracks the requirements of rule 803(6).  See
Tex. R. Evid. 803(6).  Fleming does not
challenge the trustworthiness of the business records covered by the
affidavit.  Attmore’s affidavit contains
information upon which the trial court could have reasonably concluded that Attmore
was qualified to testify about the matters contained in the business record.  See
Houston Shell & Concrete Co., 987
S.W.2d at 186.  Therefore, we hold that
the trial court did not abuse its discretion by concluding that Attmore’s
affidavit met the requirements for establishing the admissibility of and by
admitting Plaintiff’s Exhibit 1-E under the business records exception.  We overrule Fleming’s second issue.

V.  Insufficient Substitute Trustee’s Deed

          In the third issue, Fleming argues
that the substitute trustee’s deed tendered into evidence was insufficient to
support a prima facie claim of title because paragraphs four and five of the
affidavit accompanying the deed, which address notice of the default and
military status, were not based on the affiant’s personal knowledge but were
instead made “[t]o the best of [the affiant’s] knowledge and belief.”  Fleming contends that this defect resulted in
Fannie Mae’s noncompliance with property code section 51.002(e), which provides
that in establishing that the debtor was served with notice of foreclosure, “[t]he
affidavit of a person knowledgeable of the facts to the effect that service was
completed is prima facie evidence of service.” 
Tex. Prop. Code Ann. § 51.002(e) (Vernon Supp. 2010).

          A forcible detainer action is the
procedure by which the right to immediate possession of real property is
determined.  See Cattin v. Highpoint Village Apartments, 26 S.W.3d 737, 738–39
(Tex. App.—Fort Worth 2000, pet. dism’d w.o.j.).  Forcible detainer actions are intended to be
a summary, speedy, and inexpensive remedy for resolving the question of who is
entitled to immediate possession of real property.  Id.  Rule of civil procedure 746 provides that
“the only issue shall be as to the right to actual possession[,] and the merits
of the title shall not be adjudicated.” 
Tex. R. Civ. P. 746.  Thus, to
prevail in a forcible detainer action, a plaintiff is not required to prove
title but is only required to show sufficient evidence of ownership to
demonstrate a superior right to immediate possession.  Hong
Kong Dev., Inc. v. Nguyen, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st
Dist.] 2007, no pet.).  Consequently, whether
the sale of property under a deed of trust is invalid may not be determined in
a forcible detainer and must be brought in a separate suit.  Williams
v. Bank of N.Y. Mellon, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no
pet.).

          Fannie Mae demonstrated its right to
possession of the property—the substitute trustee’s deed evidenced Fannie Mae’s
purchase of the property; the deed of trust evidenced Fleming’s status as a
tenant at sufferance; and the notices to vacate evidenced Fannie Mae’s
notification to Fleming that he was a tenant at sufferance and that he must vacate
the property.  Any defects in the
foreclosure process or with Fannie Mae’s title to the property may not be
considered in a forcible detainer action. 
See Shutter, 318 S.W.3d at
471; Williams, 315 S.W.3d at 927
(citing Scott v. Hewitt, 127 Tex. 31,
35, 90 S.W.2d 816, 818–19 (1936)).  We
overrule Fleming’s third issue.

VI.  Conclusion

          Having overruled all of Fleming’s
issues, we affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

 

DELIVERED:  November 24, 2010











[1]See Tex. R. App. P. 47.4.