

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00004-CV

TANYA LEBLANC                                                    APPELLANT

V.

FEDERAL HOME LOAN                                               APPELLEE
MORTGAGE CORPORATION

------------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

In three points, Appellant Tanya LeBlanc, pro se, appeals from a judgment awarding possession of real property to Appellee Federal Home Loan Mortgage Corporation (FHLMC). We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

LeBlanc executed a deed of trust in January 2007 to secure repayment of a loan that she used to purchase a property at 1717 Bassett Hound Drive, Fort Worth, Texas 76052 (the property). The deed of trust provided the following in the event the lender accelerated the payments of sums secured by the instrument and invoked its power of sale:

> If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

LeBlanc defaulted under the terms of the deed of trust, and a substitute trustee sold the property at a non-judicial foreclosure sale to FHLMC on September 1, 2009. On November 9, 2009, FHLMC sent a notice to vacate and demand for possession by certified mail to LeBlanc, explaining that it had acquired title to the property and that she was a tenant at sufferance and requesting that she vacate the property no later than three days after receiving the letter.

FHLMC subsequently filed its original petition for forcible detainer in the justice court, alleging that LeBlanc continued to reside on the property and seeking possession of the property. The justice court awarded FHLMC

2

possession of the property, and LeBlanc appealed to the county court at law, which also awarded FHLMC possession of the property.[2]  LeBlanc appeals.[3]

### III. EVIDENTIARY SUFFICIENCY

We liberally construe LeBlanc's first point as a challenge to the legal and factual sufficiency of the evidence to support the award of possession to FHLMC.[4]

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital

---

[2]The record does not demonstrate that LeBlanc appeared for the trial de novo in the county court at law.  She does not raise any arguments in this appeal relating to notice of the trial de novo.

[3]LeBlanc attached multiple exhibits to her brief that were not admitted at trial and that are not part of the record.  With limited exceptions not relevant here, an appellate court may not consider matters outside the appellate record. *Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 210 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal; therefore, the documents cannot be considered. *Id.*  Accordingly, we will not consider the exhibits that are attached to LeBlanc's brief and that are not also included in the record.

[4]LeBlanc identifies three points in her brief, but she includes only a single "Argument" section.  Her first point states, "Whether the Court of Tarrant County illegally evicted Tanya LeBlanc out of her home based on the fact that [FHLMC] assumed that she was a 'Tenant at sufferance' and not the rightful 'Owner' of 1717 Bassett Hound Drive, Fort Worth, Texas  76052."

fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

A forcible detainer action is the procedure by which the right to immediate possession of real property is determined. *See Cattin v. Highpoint Village Apartments*, 26 S.W.3d 737, 738–39 (Tex. App.—Fort Worth 2000, pet. dism'd w.o.j.). Forcible detainer actions are intended to be a summary, speedy, and inexpensive remedy for resolving the question of who is entitled to immediate possession of real property. *Id.* Rule of civil procedure 746 provides that "the

4

only issue shall be as to the right to actual possession[,] and the merits of the title shall not be adjudicated." Tex. R. Civ. P. 746. Thus, to prevail in a forcible detainer action, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

At trial, FHLMC offered, and the trial court admitted into evidence, the deed of trust, the substitute trustee's deed, and the notice to vacate. The deed of trust evidenced LeBlanc's status as a tenant at sufferance; the substitute trustee's deed evidenced FHLMC's purchase of the property; and the notice to vacate evidenced that FHLMC had notified LeBlanc of her status as a tenant at sufferance and requested that she vacate the property. Viewing the evidence under the appropriate standards of review, we hold that the evidence is both legally and factually sufficient to support the trial court's judgment. *See Uniroyal Goodrich Tire Co.*, 977 S.W.2d at 334; *Pool*, 715 S.W.2d at 635. We overrule LeBlanc's first point.

## IV. TITLE

In her second point, LeBlanc asserts arguments regarding title to the property.[5] Neither a justice court nor a county court at law on appeal has

---

[5]The second point states, "Whether [FHLMC] agreed to extend a Loan Modification to [LeBlanc] and fraudulently initiated eviction proceedings against her."

5

jurisdiction to determine issues of title to real property in a forcible detainer suit; rule of civil procedure 746 provides that "the merits of the title shall not be adjudicated." Tex. R. Civ. P. 746. Therefore, when the right to immediate possession necessarily requires resolution of a title dispute, the justice court has no jurisdiction to enter a judgment. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet).

The county court at law was able to make a determination of the right of immediate possession of the property between FHLMC and LeBlanc independent of any title issues that LeBlanc now raises for the first time in this appeal. Any defects in the foreclosure process or with FHLMC's title to the property may not be considered in a forcible detainer action. *See Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.) (citing *Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936)). We overrule LeBlanc's second point.

### V. OTHER ACTIONS AND DAMAGES

LeBlanc states the following in her third point: "Whether [FHLMC] caused [LeBlanc] to become homeless, lose wages and time from her job, suffer severe mental stress, pain and suffering." In the trial de novo in the county court, "the appellant or appellee shall be permitted to plead, prove and recover his damages, if any, suffered for withholding or defending possession of the premises during the pendency of the appeal." Tex. R. Civ. P. 752. Such damages include, but are not limited to, loss of rentals during the pendency of

6

the appeal, reasonable attorneys' fees in the justice and county courts, and court costs for the prevailing party. *Id.*; *Nguyen*, 229 S.W.3d at 434. Rule 752 expressly provides that "[o]nly the party prevailing in the county court shall be entitled to recover damages against the adverse party." Tex. R. Civ. P. 752. Two factors regarding damages are therefore clear: (1) only the party awarded possession is to recover damages and (2) damages are for expenses and losses related to maintaining or obtaining possession. *Rushing v. Smith*, 630 S.W.2d 498, 500 (Tex. App.—Amarillo 1982, no writ).

LeBlanc asserted "counterclaims" in the justice court for "emotional distress, irreparable harm and tort injury to Defendant." However, she did not appear for the trial de novo in the county court at law to present any evidence in support of her tort claims, nor was she even awarded possession of the property. Consequently, notwithstanding any question of whether these counterclaims requested damages suffered as a direct result of withholding or defending possession, LeBlanc was both statutorily and procedurally foreclosed from recovering damages on her counterclaims. We overrule LeBlanc's third point.

## VI. CONCLUSION

Having overruled LeBlanc's three points, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DELIVERED: March 10, 2011

2