

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00251-CV

---

BRITTANY STEPHENS                                             APPELLANT

V.

FEDERAL HOME LOAN                                             APPELLEE
MORTGAGE CORPORATION

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Brittany Stephens, appearing pro se, appeals the trial court's judgment awarding possession of the property on which she lived to Appellee Federal Home Loan Mortgage Corporation (Fannie Mae). In two issues, Stephens argues that the evidence is insufficient to support Fannie Mae's right to

---

[1]*See* Tex. R. App. P. 47.4.

possession and that the final judgment should be vacated due to the trial court's failure to address the merits of the underlying case. We will affirm.

In July 2008, Stephens executed a deed of trust that granted Provident Home Loans a security interest in real estate located at 3011 St. George Drive, Mansfield, Texas 76063 (the Property). The deed of trust included the following provision:

> **If the Property is sold pursuant to this Section 22, [Stephens] or any person holding possession of the Property through [Stephens] shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, [Stephens] or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.**

Shortly thereafter, Stephens received a notice that Wells Fargo Home Mortgage was her new mortgage processor. Stephens defaulted under the terms of the deed of trust, and Wells Fargo Bank, N.A. appointed a substitute trustee to conduct a foreclosure sale of the Property pursuant to Section 22 of the deed of trust. Fannie Mae purchased the Property at the foreclosure sale in April 2010 and subsequently sent a notice to Stephens demanding that she vacate the Property. It is undisputed that Stephens did not vacate the Property.

In June 2010, Fannie Mae filed an action for forcible detainer in the justice court against Stephens, alleging that Stephens was in wrongful possession of the Property since the date of the foreclosure sale. The justice court signed a judgment in favor of Fannie Mae, and Stephens appealed to County Court at Law No. 1. That court also found that Fannie Mae was entitled to possession of the

2

Property.[2]  Stephens requested and received findings of fact and conclusions of law, and this appeal followed.

In her two issues, Stephens argues that the evidence was insufficient to support Fannie Mae's right to possession and that the final judgment should be vacated due to the trial court's failure to address the merits of the underlying case.  In her brief, Stephens complains of Fannie Mae's failure to connect the dots between Provident Home Loans and Wells Fargo and argues that the title issue is so completely intertwined with the right to possession that the forcible detainer action cannot be adjudicated without first determining title.

A forcible detainer action is the procedure by which the right to immediate possession of real property is determined.  *See Cattin v. Highpoint Village Apartments*, 26 S.W.3d 737, 738–39 (Tex. App.—Fort Worth 2000, pet. dism'd w.o.j.).  Forcible detainer actions are intended to be a summary, speedy, and inexpensive remedy for resolving the question of who is entitled to immediate possession of real property.  *Id.*  Rule of civil procedure 746 provides that "the only issue shall be as to the right to actual possession[,] and the merits of the title shall not be adjudicated."  Tex. R. Civ. P. 746.  Thus, to prevail in a forcible detainer action, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate

---

[2]During the hearing and in her brief, Stephens alluded to a pending case that she had filed in the 48th District Court of Tarrant County to remove cloud from the title to the Property.

3

possession. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Consequently, whether the sale of property under a deed of trust is invalid may not be determined in a forcible detainer and must be brought in a separate suit. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.).

A forcible detainer action is cumulative, not exclusive, of other remedies that a party may have; thus, the parties may pursue both a forcible detainer action in justice court and a suit to quiet title in district court. *Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936). Accordingly, forcible detainer actions in justice court may be prosecuted concurrently with title disputes in district court. *Haith v. Drake*, 596 S.W.2d 194, 196 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

Here, Fannie Mae demonstrated its right to possession of the Property by admitting into evidence the substitute trustee's deed, the deed of trust, and the notice to vacate that was sent to Stephens and the other residents of the Property. The substitute trustee's deed evidenced Fannie Mae's purchase of the Property at a public auction following Stephens's default on the deed of trust. The deed of trust evidenced Stephens's status as a tenant at sufferance when she did not vacate the Property after Fannie Mae purchased it. The notice to vacate from Fannie Mae informed Stephens that she was a tenant at sufferance and that she was required to vacate the Property. This evidence was sufficient to establish Fannie Mae's right to immediate possession of the Property. Stephens

4

did not put on any evidence showing that she was entitled to possession of the Property; she merely questioned Fannie Mae's failure to connect the dots between Provident Home Loans and Wells Fargo regarding the title. Any defects in the foreclosure process or with Fannie Mae's title to the Property may not be considered in a forcible detainer action. *See Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.); *Williams*, 315 S.W.3d at 927 (citing *Scott*, 127 Tex. at 35, 90 S.W.2d at 818–19). Stephens is allowed to pursue any such defects in district court, but such defects are not relevant here in this forcible detainer action. Thus, the trial court was not required, and was without jurisdiction, to address the issues in Stephens's pending suit to remove cloud from title pending in the district court. Because the trial court could adjudicate only possession, because a tenant-at-sufferance relationship existed, and because the trial court properly adjudicated possession based on the evidence before it, we overrule Stephens's two issues and affirm the trial court's judgment. *See Fleming v. Fannie Mae*, No. 02-09-00445-CV, 2010 WL 4812983, at *5 (Tex. App.—Fort Worth Nov. 24, 2010, no pet.) (mem. op.) (holding that Fannie Mae demonstrated its right to possession of property because tenant-at-sufferance relationship existed); *see also Shutter*, 318 S.W.3d at 471 (same); *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 436 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (same); *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 559 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (op. on reh'g) (same); *Rice v. Pinney*, 51 S.W.3d 705, 712–13 (Tex.

5

App.—Dallas 2001, no pet.) (same). *But see Mortg. Elec. Registration Sys. v. Young*, No. 02-08-00088-CV, 2009 WL 1564994, at \*5 (Tex. App.—Fort Worth June 4, 2009, no pet.) (mem. op.) (holding that county court would have had to determine who owned property in order to determine possession because Young introduced evidence disputing both MERS's interest in property and any landlord-tenant relationship between her and MERS).

SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DELIVERED:  April 21, 2011