02-10-251-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00251-CV

 

 


 
 
 Brittany Stephens
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Federal Home Loan Mortgage Corporation
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM County
Court at Law No. 1 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Brittany Stephens, appearing pro se, appeals the trial court’s judgment
awarding possession of the property on which she lived to Appellee Federal Home
Loan Mortgage Corporation (Fannie Mae).  In two issues, Stephens argues that the
evidence is insufficient to support Fannie Mae’s right to possession and that
the final judgment should be vacated due to the trial court’s failure to
address the merits of the underlying case.  We will affirm.

          In
July 2008, Stephens executed a deed of trust that granted Provident Home Loans
a security interest in real estate located at 3011 St. George Drive, Mansfield,
Texas 76063 (the Property).  The deed of trust included the following
provision:

          If the
Property is sold pursuant to this Section 22, [Stephens] or any person holding
possession of the Property through [Stephens] shall immediately surrender
possession of the Property to the purchaser at the sale.  If possession is not
surrendered, [Stephens] or such person shall be a tenant at sufferance and may
be removed by writ of possession or other court proceeding.

 

          Shortly
thereafter, Stephens received a notice that Wells Fargo Home Mortgage was her
new mortgage processor.  Stephens defaulted under the terms of the deed of
trust, and Wells Fargo Bank, N.A. appointed a substitute trustee to conduct a
foreclosure sale of the Property pursuant to Section 22 of the deed of trust.  Fannie
Mae purchased the Property at the foreclosure sale in April 2010 and
subsequently sent a notice to Stephens demanding that she vacate the Property.  It
is undisputed that Stephens did not vacate the Property.

          In
June 2010, Fannie Mae filed an action for forcible detainer in the justice
court against Stephens, alleging that Stephens was in wrongful possession of
the Property since the date of the foreclosure sale.  The justice court signed
a judgment in favor of Fannie Mae, and Stephens appealed to County Court at Law
No. 1.  That court also found that Fannie Mae was entitled to possession of the
Property.[2]  Stephens requested and
received findings of fact and conclusions of law, and this appeal followed.

          In
her two issues, Stephens argues that the evidence was insufficient to support
Fannie Mae’s right to possession and that the final judgment should be vacated
due to the trial court’s failure to address the merits of the underlying case.  In
her brief, Stephens complains of Fannie Mae’s failure to connect the dots
between Provident Home Loans and Wells Fargo and argues that the title issue is
so completely intertwined with the right to possession that the forcible
detainer action cannot be adjudicated without first determining title.

          A
forcible detainer action is the procedure by which the right to immediate
possession of real property is determined.  See Cattin v. Highpoint Village
Apartments, 26 S.W.3d 737, 738–39 (Tex. App.—Fort Worth 2000, pet. dism’d
w.o.j.).  Forcible detainer actions are intended to be a summary, speedy, and
inexpensive remedy for resolving the question of who is entitled to immediate
possession of real property.  Id.  Rule of civil procedure 746 provides
that “the only issue shall be as to the right to actual possession[,] and the
merits of the title shall not be adjudicated.”  Tex. R. Civ. P. 746.  Thus, to
prevail in a forcible detainer action, a plaintiff is not required to prove
title but is only required to show sufficient evidence of ownership to
demonstrate a superior right to immediate possession.  Hong Kong Dev., Inc.
v. Nguyen, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no
pet.).  Consequently, whether the sale of property under a deed of trust is
invalid may not be determined in a forcible detainer and must be brought in a
separate suit.  Williams v. Bank of N.Y. Mellon, 315 S.W.3d 925, 927
(Tex. App.—Dallas 2010, no pet.).

          A
forcible detainer action is cumulative, not exclusive, of other remedies that a
party may have; thus, the parties may pursue both a forcible detainer action in
justice court and a suit to quiet title in district court.  Scott v. Hewitt,
127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936).  Accordingly, forcible detainer
actions in justice court may be prosecuted concurrently with title disputes in
district court.  Haith v. Drake, 596 S.W.2d 194, 196 (Tex. Civ.
App.––Houston [1st Dist.] 1980, writ ref’d n.r.e.).

          Here,
Fannie Mae demonstrated its right to possession of the Property by admitting into
evidence the substitute trustee’s deed, the deed of trust, and the notice to vacate
that was sent to Stephens and the other residents of the Property.  The substitute
trustee’s deed evidenced Fannie Mae’s purchase of the Property at a public
auction following Stephens’s default on the deed of trust.  The deed of trust
evidenced Stephens’s status as a tenant at sufferance when she did not vacate
the Property after Fannie Mae purchased it.  The notice to vacate from Fannie
Mae informed Stephens that she was a tenant at sufferance and that she was
required to vacate the Property.  This evidence was sufficient to establish
Fannie Mae’s right to immediate possession of the Property.  Stephens did not
put on any evidence showing that she was entitled to possession of the
Property; she merely questioned Fannie Mae’s failure to connect the dots
between Provident Home Loans and Wells Fargo regarding the title.  Any defects
in the foreclosure process or with Fannie Mae’s title to the Property may not
be considered in a forcible detainer action.  See Shutter v. Wells Fargo
Bank, N.A., 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism’d w.o.j.);
Williams, 315 S.W.3d at 927 (citing Scott, 127 Tex. at 35, 90
S.W.2d at 818–19).  Stephens is allowed to pursue any such defects in district
court, but such defects are not relevant here in this forcible detainer
action.  Thus, the trial court was not required, and was without jurisdiction, to
address the issues in Stephens’s pending suit to remove cloud from title pending
in the district court.  Because the trial court could adjudicate only
possession, because a tenant-at-sufferance relationship existed, and because
the trial court properly adjudicated possession based on the evidence before it,
we overrule Stephens’s two issues and affirm the trial court’s judgment.  See
Fleming v. Fannie Mae, No. 02-09-00445-CV, 2010 WL 4812983, at *5 (Tex.
App.—Fort Worth Nov. 24, 2010, no pet.) (mem. op.) (holding that Fannie Mae
demonstrated its right to possession of property because tenant-at-sufferance
relationship existed); see also Shutter, 318 S.W.3d at 471 (same); Salaymeh
v. Plaza Centro, LLC, 264 S.W.3d 431, 436 (Tex. App.—Houston [14th Dist.]
2008, no pet.) (same); Dormady v. Dinero Land & Cattle Co., 61
S.W.3d 555, 559 (Tex. App.—San Antonio 2001, pet. dism’d w.o.j.) (op. on reh’g)
(same); Rice v. Pinney, 51 S.W.3d 705, 712–13 (Tex. App.—Dallas 2001, no
pet.) (same).  But see Mortg. Elec. Registration Sys. v. Young, No.
02-08-00088-CV, 2009 WL 1564994, at *5 (Tex. App.—Fort Worth June 4, 2009, no
pet.) (mem. op.) (holding that county court would have had to determine who
owned property in order to determine possession because Young introduced
evidence disputing both MERS’s interest in property and any landlord-tenant
relationship between her and MERS).

 

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER,
MEIER, and GABRIEL, JJ.

 

DELIVERED:  April 21, 2011









[1]See Tex. R. App. P. 47.4.





[2]During the hearing and in
her brief, Stephens alluded to a pending case that she had filed in the 48th
District Court of Tarrant County to remove cloud from the title to the
Property.