02-11-263-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00263-CV

 

 


 
 
 Kolade Olaoye and All Occupants of 3012 Cesareo
 Drive Grand Prairie, Texas 75052
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Wells Fargo Bank, N.A. Successor by merger to Wells
 Fargo Bank Southwest, N.A. f/k/a Wachovia Mortgage FSB f/k/a World Savings
 Bank, FSB
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM County
Court at Law No. 1 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

This is an appeal from a judgment of
possession in a forcible detainer action.  In their sole issue, appellants
Kolade Olaoye and all occupants of 3012 Cesareo Drive, Grand Prairie, Texas  75052
contend that the trial court erred by finding that appellee Wells Fargo Bank,
N.A., successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia
Mortgage FSB, f/k/a World Savings Bank, FSB, is entitled to possession of the
property at issue.  We will affirm.

II.  Background

Olaoye
executed a first deed of trust on December 27, 2001, to secure a home loan
in the amount of $135,689.40.  Under the terms of the first deed of trust, in
the event of his default, Olaoye’s right to occupy the property ceased at the
time the property was sold.  Olaoye defaulted on the loan, and the property was
sold at a non-judicial foreclosure sale on February 1, 2011.  The
substitute trustee’s deed introduced at trial recites that Wells Fargo
purchased the property at issue.

On
February 28, 2011, Wells Fargo sent Olaoye notice to vacate the property.  When
Olaoye did not vacate the property, Wells Fargo filed this forcible detainer
action in justice court.  After the justice court ordered that Wells Fargo
recover possession of the property, Olaoye appealed the judgment to the county
court.  After conducting a non-jury trial on the matter, the county court
granted Wells Fargo a judgment of possession.  This appeal followed.

III.  Discussion

A forcible detainer action is the procedure
by which the right to immediate possession of real property is determined.  See
Cattin v. Highpoint Vill. Apartments, 26 S.W.3d 737, 738–39 (Tex. App.—Fort
Worth 2000, pet. dism’d w.o.j.).  In a forcible detainer action, the only issue
for the trial court to determine is which party has the immediate right to
possession of the property.  Tex. R. Civ. P. 746; Williams v. Bank of New
York Mellon, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.).  The
action is intended to be a speedy, simple, and inexpensive means to obtain
possession without resorting to an action on the title.  Marshall v. Hous.
Auth. of the City of San Antonio, 198 S.W.3d 782, 787 (Tex. 2006).  To
prevail, Wells Fargo was not required to prove title but only to present
sufficient evidence of ownership to demonstrate a superior right to immediate
possession.  See Rice v. Pinney, 51 S.W.3d 705, 709 (Tex. App.—Dallas
2001, no pet.).

The
evidence admitted at trial included the first deed of trust, the substitute
trustee’s deed, and the notice to Olaoye to vacate the property.  The
substitute trustee’s deed showed that Wells Fargo purchased the subject
property in a non-judicial foreclosure sale after Olaoye defaulted under the
terms of the deed of trust.  The deed of trust stated that Olaoye’s right to occupy
the property ceased at the time Wells Fargo purchased it at the foreclosure
sale.  Finally, the notice sent by Wells Fargo to Olaoye informed him that he
was required to vacate the property.  This evidence was sufficient to establish
Wells Fargo’s right to immediate possession of the property.  See Williams,
315 S.W.3d at 927 (holding that purchaser of foreclosed property carried its
burden of proof to superior right to possession of the property in forcible
detainer action by submitting into evidence the substitute trustee’s deed, the
deed of trust, and proper notice to occupant of the property to vacate).

Olaoye
disputes the sufficiency of the evidence supporting the trial court’s
determination that a landlord-tenant relationship existed.  But language in the
first deed of trust stating that Olaoye agreed his “right to occupy the
[p]roperty ceases at the time the [p]roperty is sold [after a failure to pay or
perform any promises contained in the first deed of trust]” sufficiently
supports the trial court’s determination that a landlord-tenant relationship
existed between Olaoye and Wells Fargo.  See Scott v. Hewitt, 127 Tex.
31, 35, 90 S.W.2d 816, 818 (1936) (holding that language in deed of trust
stating that in the event of foreclosure, the party in possession becomes
tenant of foreclosure-sale purchaser was sufficient to establish
landlord-tenant relationship in forcible detainer action); see also Mortg.
Elec. Registration Sys. v. Young, No. 02-08-00088-CV, 2009 WL 1564994,
at *3 (Tex. App.—Fort Worth June 4, 2009, no pet.) (mem. op.) (same).

Olaoye
also disputes the sufficiency of proof regarding whether Wells Fargo owned
title to the property, contending that the substitute deed is insufficient
evidence to “explain how, when, or why” Wells Fargo became the current
mortgagee or otherwise a successor or assignee of the original mortgagee.  But
any potential error pertaining to Wells Fargo’s rights to the property conveyed
by the substitute deed would be an attack on the foreclosure process or Wells
Fargo’s title to the property.  And any defects in the foreclosure process or
the purchaser’s title to the property may not be considered in a forcible
detainer action.  See Shutter v. Wells Fargo Bank, N.A., 318 S.W.3d 467,
471 (Tex. App.—Dallas 2010, pet. dism’d w.o.j.).  Such defects must be pursued,
if at all, in a separate suit for wrongful foreclosure or to set aside the
substitute deed.  Id.  Accordingly, the position upon which Olaoye
relies is not material to any issue in this action.  See id.  We
overrule Olaoye’s sole issue.

IV.  Conclusion

Having overruled Olaoye’s sole issue on
appeal, we affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL:  GARDNER, WALKER, and MEIER, JJ.

 

DELIVERED: 
June 21, 2012









[1]See Tex. R. App. P. 47.4.