

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00263-CV

KOLADE OLAOYE AND ALL                                    APPELLANTS
OCCUPANTS OF 3012 CESAREO
DRIVE GRAND PRAIRIE, TEXAS
75052

V.

WELLS FARGO BANK, N.A.                                    APPELLEE
SUCCESSOR BY MERGER TO
WELLS FARGO BANK
SOUTHWEST, N.A. F/K/A
WACHOVIA MORTGAGE FSB
F/K/A WORLD SAVINGS BANK,
FSB

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

---

[1]*See* Tex. R. App. P. 47.4.

# I. INTRODUCTION

This is an appeal from a judgment of possession in a forcible detainer action. In their sole issue, appellants Kolade Olaoye and all occupants of 3012 Cesareo Drive, Grand Prairie, Texas 75052 contend that the trial court erred by finding that appellee Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage FSB, f/k/a World Savings Bank, FSB, is entitled to possession of the property at issue. We will affirm.

# II. BACKGROUND

Olaoye executed a first deed of trust on December 27, 2001, to secure a home loan in the amount of $135,689.40. Under the terms of the first deed of trust, in the event of his default, Olaoye's right to occupy the property ceased at the time the property was sold. Olaoye defaulted on the loan, and the property was sold at a non-judicial foreclosure sale on February 1, 2011. The substitute trustee's deed introduced at trial recites that Wells Fargo purchased the property at issue.

On February 28, 2011, Wells Fargo sent Olaoye notice to vacate the property. When Olaoye did not vacate the property, Wells Fargo filed this forcible detainer action in justice court. After the justice court ordered that Wells Fargo recover possession of the property, Olaoye appealed the judgment to the county court. After conducting a non-jury trial on the matter, the county court granted Wells Fargo a judgment of possession. This appeal followed.

2

### III. DISCUSSION

A forcible detainer action is the procedure by which the right to immediate possession of real property is determined. *See Cattin v. Highpoint Vill. Apartments*, 26 S.W.3d 737, 738–39 (Tex. App.—Fort Worth 2000, pet. dism'd w.o.j.). In a forcible detainer action, the only issue for the trial court to determine is which party has the immediate right to possession of the property. Tex. R. Civ. P. 746; *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.). The action is intended to be a speedy, simple, and inexpensive means to obtain possession without resorting to an action on the title. *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). To prevail, Wells Fargo was not required to prove title but only to present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).

The evidence admitted at trial included the first deed of trust, the substitute trustee's deed, and the notice to Olaoye to vacate the property. The substitute trustee's deed showed that Wells Fargo purchased the subject property in a non-judicial foreclosure sale after Olaoye defaulted under the terms of the deed of trust. The deed of trust stated that Olaoye's right to occupy the property ceased at the time Wells Fargo purchased it at the foreclosure sale. Finally, the notice sent by Wells Fargo to Olaoye informed him that he was required to vacate the property. This evidence was sufficient to establish Wells Fargo's right to

3

immediate possession of the property.  *See Williams*, 315 S.W.3d at 927 (holding that purchaser of foreclosed property carried its burden of proof to superior right to possession of the property in forcible detainer action by submitting into evidence the substitute trustee's deed, the deed of trust, and proper notice to occupant of the property to vacate).

Olaoye disputes the sufficiency of the evidence supporting the trial court's determination that a landlord-tenant relationship existed.  But language in the first deed of trust stating that Olaoye agreed his "right to occupy the [p]roperty ceases at the time the [p]roperty is sold [after a failure to pay or perform any promises contained in the first deed of trust]" sufficiently supports the trial court's determination that a landlord-tenant relationship existed between Olaoye and Wells Fargo.  *See Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818 (1936) (holding that language in deed of trust stating that in the event of foreclosure, the party in possession becomes tenant of foreclosure-sale purchaser was sufficient to establish landlord-tenant relationship in forcible detainer action); *see also Mortg. Elec. Registration Sys. v. Young*, No. 02-08-00088-CV, 2009 WL 1564994, at *3 (Tex. App.—Fort Worth June 4, 2009, no pet.) (mem. op.) (same).

Olaoye also disputes the sufficiency of proof regarding whether Wells Fargo owned title to the property, contending that the substitute deed is insufficient evidence to "explain how, when, or why" Wells Fargo became the current mortgagee or otherwise a successor or assignee of the original mortgagee.  But any potential error pertaining to Wells Fargo's rights to the

4

property conveyed by the substitute deed would be an attack on the foreclosure process or Wells Fargo's title to the property. And any defects in the foreclosure process or the purchaser's title to the property may not be considered in a forcible detainer action. *See Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.). Such defects must be pursued, if at all, in a separate suit for wrongful foreclosure or to set aside the substitute deed. *Id.* Accordingly, the position upon which Olaoye relies is not material to any issue in this action. *See id.* We overrule Olaoye's sole issue.

## IV. CONCLUSION

Having overruled Olaoye's sole issue on appeal, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DELIVERED:  June 21, 2012

5