02-12-218-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

 

 

NO. 02-12-00218-CV

 

 


 
 
 Flora Xanthine Alexander
  
  
 v.
  
  
 Wells Fargo Bank, N.A.
 
 
 §
  
 §
  
 §
  
 §
  
 
 
 From County Court at Law No. 1
  
 of Tarrant County (12-02804-1)
  
 January 10, 2013
  
 Per Curiam
 
 


 

JUDGMENT

 

          This court has considered the record
on appeal in this case and holds that there was no error in the trial court’s
judgment.  It is ordered that the judgment of the trial court is affirmed. 

 

 

SECOND DISTRICT COURT OF APPEALS


 

 

PER CURIAM

 

 

 








 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

 

NO. 02-12-00218-CV

 

 


 
 
 FLORA XANTHINE ALEXANDER
 
 
  
 
 
 APPELLANT
 
 


 

V.

 


 
 
 WELLS FARGO BANK, N.A. 
 
 
  
 
 
 APPELLEE
 
 


 

                                                                                                                             

------------

 

FROM COUNTY
COURT AT LAW NO. 1 OF TARRANT COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

This court affirmed summary judgment in Appellee Wells
Fargo Bank, N.A.’s suit for a declaratory judgment to allow it to foreclose on
its real property lien on pro se Appellant Flora Xanthine Alexander’s residence.
 See Alexander v. Wells Fargo Bank, N.A. (Alexander I), No.
02-10-00005-CV, 2011 WL 1331519, at *1 (Tex. App.—Fort Worth Apr. 7, 2011, pet.
denied) (mem. op.).  After foreclosing, Wells Fargo filed a petition for
forcible detainer in the justice court, alleging that Alexander “and all other
occupants” of the property were in wrongful possession.

Wells Fargo attached a copy of the substitute trustee’s
deed to its forcible detainer petition, showing that it had purchased the
property at a foreclosure sale on February 7, 2012.  After the justice court
entered judgment for Wells Fargo and ordered a writ of possession to issue if
Alexander failed to vacate the premises by April 10, 2012, Alexander appealed
the judgment to the county court at law.  The county court at law found Wells
Fargo entitled to possession of the premises, and this appeal by Alexander
followed.

A forcible detainer action is the procedure by which
the right to immediate possession of real property is determined.  See
Cattin v. Highpoint Vill. Apartments, 26 S.W.3d 737, 738–39 (Tex. App.—Fort
Worth 2000, pet. dism’d w.o.j.).  In a forcible detainer action, the only issue
for the trial court to determine is which party has the immediate right to
possession of the property.  Tex. R. Civ. P. 746; Williams v. Bank of N.Y.
Mellon, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.).  The action
is intended to be a speedy, simple, and inexpensive means to obtain possession
without resorting to an action on the title.  Shutter v. Wells Fargo Bank,
N.A., 318 S.W.3d 467, 470 (Tex. App.—Dallas 2010, pet. dism’d w.o.j.) (op.
on reh’g).

In her appellate brief, Alexander sets forth no discernable
legal arguments in her third, fifth, and seventh issues.[2] 
Therefore, we overrule these issues as inadequate under rule of appellate
procedure 38.1(f).  See Tex. R. App. P. 38.1(f); Branch v. Fannie Mae,
No. 02-11-00355-CV, 2012 WL 3030525, at *1 (Tex. App.—Fort Worth July 26, 2012,
no pet.) (mem. op.) (stating that pro se parties are treated the same as
licensed attorneys to ensure fairness in the treatment of all litigants); see
also Valadez v. Avitia, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007,
no pet.) (stating that an issue presented in an appellant’s brief is sufficient
“if it directs the reviewing court’s attention to the error about which the
complaint is made” and that it is the appellant’s burden to discuss her
assertions of error because the court generally has no duty—or even the
right—to perform an independent review of the record and applicable law to
determine whether there was error).

Further, although Alexander complains in her first, second,
fourth, and sixth issues that Wells Fargo’s foreclosure was illegal, that Wells
Fargo did not show a “contract nor a Loan Check” from its purchase of her house
from MERS, that MERS sold the note without her permission, and that “[t]he big
issue” is “who really owns the mortgage note,” none of these are issues that
she may raise in her appeal here.  See Tex. R. Civ. P. 746.  Likewise, in
her eighth and ninth issues, while Alexander contends that the record will
reflect that the trial court did not inspect “the document” for originality,
that it allowed Wells Fargo to show an exhibit that was not the genuine
original note, and that it erred by granting summary judgment—apparently referring
to the summary judgment in Alexander I—when it failed to investigate
“for the Original Note, Loan Check or validate the Debt,” these are also not
issues in a forcible detainer action.[3] 
See id.; Shutter, 318 S.W.3d at 471 (stating that any
defects in the foreclosure process or the purchaser’s title to the property
must be pursued, if at all, in a separate suit for wrongful foreclosure and may
not be considered in a forcible detainer action); see also Olaoye v. Wells
Fargo Bank, N.A., No. 02-11-00263-CV, 2012 WL 2344846, at *2 (Tex.
App.—Fort Worth June 21, 2012, no pet.) (mem. op.) (same).  And although Alexander
complains in her tenth issue that she was denied due process because the trial
court denied her request for evidence to be heard, the record does not reflect
that Alexander set any of her motions for hearing or sought a ruling on any of
them.  See Tex. R. App P. 33.1; Tex. R. Evid. 103(a)(2).  Therefore, we overrule all of Alexander’s remaining
issues.[4]

Having overruled all of Alexander’s issues, we affirm
the judgment of the county court at law.

 

                                                                             PER
CURIAM

 

 

PANEL:  MCCOY, J.; LIVINGSTON, C.J.; and GABRIEL, J.

 

DELIVERED:  January 10, 2013









[1]See
Tex. R. App. P. 47.4.





[2]In
her third issue, Alexander states, “TEXAS RULE 12 Of JANNA W. CLARKE having
Authority as Counsel of Record.  Was not in possession of Legal documents, in
the courtroom of Tarrant County Court At Law No. 1 under Judge Don S. Peirson
[sic].”  In her fifth issue, Alexander states, “A trustee bank oversees the
pool’s operations, ensuring that payments made by borrowers go to the
appropriate investors.  Trustees overseeing home loan pools often do not
produce proof, usually in the form of a mortgage note, that their investors own
a foreclosed property.”  And in her seventh issue, Alexander states, “When a
loan goes into securitization, the mortgage note is not sent to the trust. 
Instead it shows up as a date transfer with at [sic] the physical note being kept
at a separate document repository company.”  Although Alexander calls these
“issues,” they are merely statements that present nothing for our review.





[3]We
addressed portions of these issues in Alexander’s earlier appeal of Wells
Fargo’s summary judgment seeking to foreclose on her property.  See
Alexander I, 2011 WL 1331519, at *2–4 & nn.3–4.





[4]While
this appeal was pending, Alexander filed a “Motion for Hearing to Compel MERS
Previous Alleged Owner Wells Fargo Bank, N.A. et al Alleged Current Owner
Validate the Debt, Provide Loan Check, Validate the Contract, and Validate the
Signatures Supported by Affidavit of Fact” and an amended version of that
motion a few days later.  In light of our disposition above, these motions are
moot.